WEIHE v. MACATAWA RESORT CO.

1. INJUNCTION—PUBLIC PARKS—EVIDENCE.
    On a bill by lot and cottage owners against a summer resort corporation to restrain the erection of an addition to a hotel owned by defendant on land claimed to be a public park, evidence *held*, to show that such addition was necessary and would not interfere with certain driveways.

2. DEDICATION—INTENTION OF GRANTORS.
    The question of dedication of land for public purposes is one largely of intention.

3. SAME.
   Evidence *held*, insufficient to show dedication of land of
   a summer resort corporation used for hotel purposes for
   a public park.

4. HIGHWAYS AND STREETS—ESTABLISHMENT BY PRESCRIPTION.
   The mere permissive use of a private road by the public,
   however long continued, will not make it a public high-
   way.[1]

5. CORPORATIONS—INJUNCTION—SCOPE OF AUTHORITY—ULTRA VIRES.
   The question of whether the acts of a summer resort cor-
   poration are beyond its powers cannot be raised in a suit
   to enjoin it from making an addition to one of its hotel
   buildings on the ground that the land on which the hotel
   is located is a public park.

Appeal from Ottawa; Cross, J.   Submitted June 28,
1917.   (Docket No. 71.)   Decided September 27, 1917.

Bill by William A. Weihe and another against the
Macatawa Resort Company to restrain the erection of
a hotel.   From a decree dismissing the bill, plaintiffs
appeal.   Affirmed.

*Wilkes & Stone,* for plaintiffs.

*Diekema, Kollen & Ten Cate,* for defendant.

STONE, J.   This case is here upon the appeal of the
plaintiffs from a decree of the circuit court in chancery
dismissing the bill of complaint.   The bill was filed by
two lot and cottage owners in Macatawa Park to re-
strain the defendant from erecting a building on prop-
erty claimed to be a public park.   Some of these cot-
tages face upon a parcel of land designated upon the
plat of Macatawa Park as "Hotel Park."   The defend-
ant company operates Macatawa Park as a summer
resort.   The defendant commenced to construct an ad-
dition to its hotel building, located on the land desig-

---

[1]Authorities passing on the question as to public easements
acquired by prescription, are collated in a note in 11 L. R. A. 55.

nated as "Hotel Park," and the plaintiffs by their bill of complaint seek to restrain the erection of such building, claiming that the land so designated as "Hotel Park" is in fact a public park, and that the defendant has no right to erect an addition to the hotel building on the same, to the injury of plaintiffs. The learned circuit judge who heard the case upon the issue joined reached the following conclusion:

"From the proofs it appears that the land designated as 'Hotel Park' has been used as a site for a hotel since the plat was made, and that the land so designated as 'Hotel Park' was reserved as a site for the erection of hotels, and was not dedicated as a public park. The land not being a public park, the plaintiffs have no right to complain of the erection of an addition to the hotel now situated on the land designated as 'Hotel Park.'"

The history of Macatawa Park embraces a period of more than 35 years. There have been four corporations or organizations, to wit, the Macatawa Park Association, the Macatawa Park Company, the Macatawa Association, and finally the present company, the Macatawa Resort Company.

The Macatawa Park Association was incorporated in 1881 under Act No. 122, Pub. Acts 1877, entitled "An act for the incorporation of associations for yachting, hunting, boating, fishing, rowing, and other lawful sporting purposes." An examination of this act will show that no provision was there made for platting real estate.

Act No. 69, Pub. Acts 1887, provided for the formation of corporations for the purpose of purchasing, holding, improving, and disposing of lands or lots for summer resorts. This act also provided for the platting of grounds in accordance with chapter 32 of Howell's Annotated Statutes of 1882, and provided that the roads, ways, and avenues should in all respects be deemed private ways, and only open to the public

upon such conditions and restrictions as the trustees should prescribe.

Proceeding as though they were organized under this last-named act, but without any change in their organization, the officers of the Macatawa Park Association, on the 5th day of May, 1888, filed a plat of their grounds, seemingly in accordance with the provisions of this statute, and containing no dedication whatever of the streets, ways, and alleys to the public. All of the above-named corporations have operated the same resort, and have succeeded to all of the rights, privileges, and property of their respective predecessors.

When the Macatawa Park Association transferred its property to the Macatawa Park Company, its successor, the following resolution was adopted by the board of directors of the Macatawa Park Company on January 24, 1890:

"It was resolved to incorporate under the laws of 1889 with a capital stock of $50,000. All stock of present stockholders is to be exchanged, share for share, all to be paid by stock in said new corporation, and that the property of the Macatawa Park Association be conveyed to the new corporation, provided the same is completed and adopted by all the stockholders at a meeting to be held for that purpose January 28, 1890."

In accordance with the above resolution and the action of the stockholders of the Macatawa Park Association, a deed was made to the Macatawa Park Company on June 23, 1890. The Macatawa Park Company thus organized was reincorporated under Act No. 230, Pub. Acts 1897 (2 Comp. Laws 1915, § 10034 et seq.) This act repealed the act of 1889 (Act No. 164, Pub. Acts 1889) under which the Macatawa Park Company was organized, but expressly provided in section 22 (2 Comp. Laws 1915, § 10054) that the re-

peal of the act of 1889, and other acts, should not dissolve any corporation formed or existing under them—

"and all corporations of the nature of corporations authorized to be organized under this act, now organized and existing under said several acts in this section mentioned, or either of them, and all corporations which have attempted to organize and are now doing business under said acts, or either of them, shall be deemed and taken to be organizations under this act, and all rights, obligations and liabilities contracted, acquired or incurred by any such corporation thereunder, shall continue of the same force and effect as though such acts or laws had not been repealed, and all such corporations from and after taking effect of this act, shall be subject to all the provisions hereof as fully as though such corporation had been organized hereunder, and such corporations may continue to carry on the business specified in the articles of association, under the provisions of this act, as lawfully as if said acts, mentioned in this section, were not repealed."

Thus it appears that the Macatawa Park Company retained all rights and privileges conferred by the act of 1889, and such additional rights and privileges as were conferred by said act of 1897.

In 1906 the Macatawa Park Company conveyed all of its property to the Macatawa Association. This was done by deed and bill of sale, and all of the shares of stock held by the stockholders in the Macatawa Park Company were deposited in escrow, to be delivered to the new organization as soon as it had been completed. The Macatawa Association thus succeeded to all of the rights, property, and privileges of its predecessor, and was practically a continuation of the same corporation, under a new name. An attempt was made to sell the stock of this new company, but it failed, and later the fourth company, this defendant, was organized, and became the owner and possessor, through deed and bill of sale, of all of the property, rights, and privileges, of the Macatawa Association,

and assumed all of the association's liabilities. The deed contained the following clause:

"Including in and transferring in this conveyance all the statutory rights and control over the property conveyed hereby, and the parks and streets contained within said recorded plats, and also all riparian rights, including docks, landings, bathing, and boathouses, and all easements and privileges; it being the purpose and intent hereof to convey all the property, rights, interests, and claims of said first party."

We think it appears that the defendant is the successor of these former organizations, and possesses the powers and privileges possessed by any of its predecessors. Among those powers and privileges section 4 of said act of 1889 mentions the following:

"Owning, holding, leasing or disposing of in any manner, and subject to any lawful conditions, real estate situated in this State, not exceeding five hundred acres of land, and all personal property and personal estate which may be necessary to enable such company to carry on the operations and business mentioned in their articles of association; and also, that said association shall be capable of improving, draining and ornamenting their lands, erecting and maintaining hotels, churches and other buildings for their own use and those of visitors to such lands, and may construct docks necessary for the business of such association, and make such provision as may be necessary for supplying their lands, and the people thereon, with water for sanitary and fire purposes."

The purpose of the defendant to carry on this business is clearly set forth in article 2 of its articles of association. The power to own and operate a hotel is expressly given. Before the plat of 1888 was in existence, there was another plat of Macatawa Park which was never recorded. Running through "Hotel Park" from east to west there are two walks, the most northerly of which is known as Interlake walk, and the southerly one is known as Michigan walk. These

walks extend from Black Lake on the east to Lake Michigan on the west. The first hotel on "Hotel Park" was built south of Michigan walk before the plat of 1888 was made. Running through this land marked "Hotel Park" there has been a road used by the public and cottage owners. Some of the materials used for buildings located near "Hotel Park" were drawn over this road. There are from 300 to 400 cottages erected in Macatawa Park.

Plaintiffs own lots 45 and 46; and the large hotel known as the Annex, and covering the space between Interlake and Michigan walks, was built after some of the cottages on these lots were erected. The new addition proposed to be built by the defendant to the Hotel Annex would run in a northeasterly direction fronting on Interlake walk, and would be situated immediately south of lot 46. It is the claim of the defendant that this proposed structure would in no way interfere with the driveway running from Bay road to and along the north side of Hotel Annex; that the ground upon which it would stand is wild and unimproved, no improvements having been made between this driveway and Interlake walk; that the driveway running from Bay road through "Hotel Park" to and along the north side of the hotel is 16 feet wide, and it is proposed to bridge this over, so as to leave the driveway undisturbed.

We think that this claim of the defendant is supported by the evidence. As to the necessity for this proposed addition there can be no question under the evidence. The plaintiffs are not stockholders in the defendant corporation.

It is the claim of defendant that "Hotel Park" was never dedicated as a public park; that it was never intended to be a public park, and has always been used for hotel purposes. It is clear from the evidence that a hotel had been erected upon this site before the plat

of Macatawa Park Company was made and filed. That the question of dedication is one largely of intention is supported by the authorities generally. The intent is the vital principle. *Lee* v. *Lake,* 14 Mich. 12 (90 Am. Dec. 220) ; *Vance* v. *Village of Pewamo,* 161 Mich. 528 (126 N. W. 978). Many authorities in other jurisdictions might be cited.

We are of the opinion that the finding of the trial court is fully sustained by the evidence. In fact, we have examined this record with care, but in vain, to find any evidence that "Hotel Park" was ever dedicated as a public park. It has been used as a site for hotel purposes, and never as a public park.

We have examined the cases cited by plaintiffs upon this question, and think that in their facts they are readily distinguished from the instant case, and therefore not applicable here.

Under our own decisions, it must also be held, upon this record, that there is no public highway through "Hotel Park" extending from Bay road to Lake Michigan. The mere permissive use of a private road by the public, however long continued, will not make it a public highway. *Stickley* v. *Township of Sodus,* 131 Mich. 510 (91 N. W. 745, 59 L. R. A. 287) ; *South Branch Ranch Co.* v. *Emery,* 191 Mich. 188 (157 N. W. 419).

In our opinion, the question of claimed *ultra vires* acts of the defendant is not before us in this case. The question is not even suggested in the bill, but if it were, it could not be litigated in this case. *International Harvester Co.* v. *Eaton Circuit Judge,* 163 Mich. 55, 67 (127 N. W. 695, 30 L. R. A. [N. S.] 580, Am. & Eng. Ann. Cas. 1912A, 1022).

The decree of the circuit court is affirmed, with costs to the defendant.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.