## VAN WIEREN *v.* MACATAWA RESORT CO.

1. COURTS—STARE DECISIS—FORMER DECISION CONTROLLING.
   In a suit by township officials to establish a certain highway as a public highway, the question of dedication by recording the plat, which was determined adversely to plaintiffs' claim in a former suit involving the same plat, *held*, controlling on said question.[1]

2. DEDICATION—HIGHWAYS—INTENTION.
   The question of dedication of land for public purposes is one largely of intention.[2]

3. HIGHWAYS—PERMISSIVE USER DOES NOT RIPEN INTO ADVERSE USER.
   Where the use of a road on the property of a summer resort corporation was upon invitation or under implied permission, and the corporation has gone as far in maintaining its right to control the road as it could consistent with its business, said use was not such as to make it a public highway by user, although formerly public funds were expended on it, and many of the general public who do not patronize the resort drive over it.[3]

4. SAME—TACKING USE OF ONE PIECE OF LAND TO ANOTHER TO MAKE UP STATUTORY PERIOD NOT PERMISSIBLE.
   Where the line of travel is not consistent, but varies as conditions change, the use of one piece of land for public travel may not be tacked onto the use of another to make up the statutory period.[4]

Appeal from Ottawa; Cross (Orien S.), J. Submitted June 9, 1926. (Docket No. 36.) Decided July 22, 1926.

Bill by Fred Van Wieren, highway commissioner of Park township, and others against the Macatawa Resort Company and another to establish a public high-

[1]Courts, 15 C. J. §§ 304, 306; [2]Dedication, 18 C. J. § 33; [3]Highways, 29 C. J. § 9; [4]Id., 29 C. J. § 6.
On effect of limited use of way as an acceptance of dedication, see note in 22 L. R. A. (N. S.) 1114.

way.   From a decree dismissing the bill, plaintiffs appeal.   Affirmed.

*Robinson & Parsons* (*Stuart E. Knappen,* of counsel), for plaintiffs.

*Diekema, Kollen & Ten Cate,* for defendants.

FELLOWS, J.   The original bill was filed by the highway commissioner of Park township, Ottawa county, and was later amended by adding the supervisor and other members of the township board as plaintiffs.   It seeks a decree holding that a road called by the witnesses "Bay road," and so designated on the plat of defendants' property, is a public highway and under the supervision and control of the public authorities.   Defendant company's history and organization will be found detailed in *Weihe* v. *Macatawa Resort Co.,* 198 Mich. 334, and need not here be repeated. Defendant Miller is its president and in charge of its property and affairs.   Plaintiffs claim that the road is a public highway (1) by actual dedications accepted by the township of Holland, predecessor of the present township of Park, and (2) by user.

1. It will be noted that defendant's first predecessor (The Macatawa Park Association) was incorporated under Act No. 122, Pub. Acts 1877, which contained no provision for platting real estate, and it is insisted by plaintiffs' counsel that the plat of the property now owned by defendant having been recorded in 1888 was made subject to the terms and conditions of the then general platting act (Act No. 309, Pub. Acts 1887), and that the recording of such plat vested the fee of the streets in the township in trust for the public, and that the evidence of acceptance of such offer of dedication is sufficient to make the dedication complete. There is testimony that for several years public funds were used on the Bay road and sufficient evidence to

establish an acceptance if the act of recording the plat was an offer to dedicate. But the same question was before us in the *Weihe Case.* It was there insisted that "Hotel Park" and a street running through it which appeared on the plat had been dedicated to the public by the recording of such plat. We there declined to follow such contention. Mr. Justice STONE, who wrote for the court, there pointed out that the officers of the association proceeded as though it was incorporated under Act No. 69, Pub. Acts 1887, and entitled to its benefits, filed the plat with no express dedication of the streets, ways and alleys; he pointed out that the question of dedication "is one largely of intention" and held:

"Under our own decisions, it must also be held, upon this record, that there is no public highway through 'Hotel Park' extending from Bay road to Lake Michigan. The mere permissive use of a private road by the public, however long continued, will not make it a public highway. *Stickley* v. *Township of Sodus,* 131 Mich. 510 (59 L. R. A. 287); *South Branch Ranch Co.* v. *Emery,* 191 Mich. 188."

The *Weihe Case* involved the same plat now before us and must be held to be controlling on this question, *Pleasant Lake Hills Corp.* v. *Eppinger, ante,* 174.

2. As noted, public funds have been expended on the Bay road. Of late years the expenditure of public money has ceased although some has been appropriated. Defendant has also constructed considerable cement road at its own expense. In the earlier days, and when the property was wild lands, the road was used some by tradesmen of Holland in conveying their wares to the life-saving station, and was also used by those in charge of the station. Such use was not substantial. Formerly the road went over a hill, but later as the water in Black lake receded the road as used went around and at the foot of the hill; the course of travel has not been consistent. After de-

fendant's predecessor acquired the property in 1881, and as the property developed, the officers of the various companies which owned the property were quite persistent in asserting their rights to control the use of the road. A gate was at one time put across it. Protests against the expenditure of public funds on it were made. Notices that the road was a private way were served on township highway commissioners. In fact, the record discloses that defendant and its predecessor companies have gone as far in maintaining' their rights as they could consistent with their business. The business of defendant and its predecessors was and is that of running a summer resort. Many cottages have been built on the property. It has a hotel, bathing beach and many other attractions usually found at resorts. To the use of these attractions the public is invited. Bay road at the southerly end joins a highway leading to Holland. To get to defendant's attractions Bay road is used. For this use such of the public as patronize defendant's resort are invited. Tradesmen no doubt use it to reach their customers in the cottages, and many of the general public who do not patronize defendant drive over it. Upon this record we conclude that such of the public as use this road to patronize defendant's resort use it by invitation, and others use it under an implied permission.

Where the line of travel is not consistent, but varies as conditions change, the use of one piece of land for public travel may not be tacked onto the use of another piece of property used for like purposes to make up the statutory period. *Lyle* v. *Lesia,* 64 Mich. 16; *Village of Grosse Pointe Shores* v. *Holmes,* 196 Mich. 183; *Reno* v. *Johnson,* 224 Mich. 14. In *Smith* v. *State Highway Commissioner,* 227 Mich. 280, we reviewed some of our authorities which discussed the question of rights acquired by the public by user and

by dedication by implication, and need not go over the ground again. It will suffice to say that under the authorities the plaintiff has failed to establish by a preponderance of the testimony that the Bay road is a public highway either by dedication or by user.

The decree will be affirmed, with costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.