CITY OF HOWELL *v.* McKEEVER.

1. HIGHWAYS AND STREETS—PRESCRIPTION—TACKING USE OF ONE
   PIECE TO USE OF ANOTHER NOT ALLOWABLE.
   Where line of travel is not consistent, but varies from time to
   time, use of one piece of land for public travel may not be
   tacked onto use of another piece of property for like purposes
   to make up prescriptive period.

2. EASEMENTS—PRESCRIPTION—BURDEN OF PROOF.
   Where, in suit to enjoin obstruction of an alley in which plain-
   tiffs claim easement by prescription, testimony shows that its
   course has changed from time to time, and plaintiffs failed to
   sustain burden of proof, their bill is dismissed.

Appeal from Livingston; Collins (Joseph H.), J.
Submitted April 3, 1929. (Docket No. 42, Calendar
No. 34,203.) Decided June 20, 1929.

Bill by the City of Howell and another against
Johannah McKeever to enjoin street obstruction.
From a decree for plaintiffs, defendant appeals.
Reversed, and bill dismissed.

*Don W. Van Winkle,* for plaintiffs.

*Berry & Berry,* for defendant.

FELLOWS, J. This bill is filed by the municipality
and the owner of a store building to restrain defend-
ant from erecting a building across or in any way
interfering with the use of an alley at the rear of
store buildings in the business section of Howell.
That an alley has existed in the rear of the stores, at
least since 1885, is admitted by all; probably it has

existed considerably over 50 years. That the alley has been used by the merchants and the public is likewise conceded by all. The city has a water main and a sewer in it. That it was not dedicated on the plat or by any writing is likewise admitted. Defendant in her answer offered to dedicate a strip 10 feet wide off the south end of her lot for alley purposes. She insists, however, that the alley has not been used in its present location for a sufficient length of time to acquire an easement, and that she has a right to extend her store building over the space now occupied by the alley. Why the parties did not compose their differences does not appear from this record.

Counsel do not disagree about the applicable law. It is settled law, and so conceded by both sides, that where the line of travel is not consistent, but varies from time to time, the use of one piece of land for public travel may not be tacked onto the use of another piece of property used for like purposes to make up the prescriptive period. *Lyle* v. *Lesia,* 64 Mich. 16; *Village of Grosse Pointe Shores* v. *Holmes,* 196 Mich. 183; *Van Wieren* v. *Macatawa Resort Co.,* 235 Mich. 606. While it is clearly established that the city has spent some money, not a considerable amount, in the maintenance of a roadway, sometimes using gravel, but most generally using cinders, and the merchants have their goods hauled into the alley and there unloaded them at their back doors, and that this has been going on for many years, there is a dispute and a sharp one upon the question, crucial to decision, whether the alley has occupied its present location for the prescriptive period. Practically everyone familiar with the *locus in quo* testifies that the course of the alley has changed at different times. It is patent from the testimony that this was due at least in part to these facts: Plaintiff Dickson owns

the store building adjoining defendant's building on the west. His father owned it before him. His father used the building for a bakery, as does the son. The Dickson store building originally extended farther south than did the McKeever building. Dickson, senior, from time to time, had some small buildings on this lot and further extended his occupancy by erecting a frame addition on the south end of his store. This was done in 1908 or 1909. This projection, it is fairly inferable, extended into the alley as then existing, and the alley thereafter entered the land of defendant at a different point and crossed it at a different angle. This frame building was burned down in 1917, but was replaced. Plaintiff Dickson testifies that the present addition occupies the same space the old one did, and defendant claims that it extends farther south and worked another change in the course of the alley. She testifies to this change and so does her son. Dickson alone definitely disputes their testimony, and, as we have noted, substantially everyone familiar with the alley testified that its course has changed from time to time, although they are unable to definitely fix the dates such changes have occurred.

The burden is upon the plaintiffs to establish their case. We are not satisfied they have discharged such burden. Their bill must, therefore, be dismissed. Defendant will recover costs of both courts.

NORTH, C. J., and WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. FEAD, J., took no part in this decision.