DENHA v JACOB

Docket No. 96700. Submitted December 14, 1988, at Detroit. Decided
    June 23, 1989.

Louis E. Denha purchased a business and its assets from George
    and Najiba Jacob and leased from the Jacobs for a period of
    five years the premises on which the business was located.
    Within that five-year period, Denha entered into a sales agree-
    ment to sell the business. The Jacobs refused to consent to the
    assignment of the lease, even though the lease provided that
    they would not withhold consent without just cause. As a result
    of the inability to assign the lease, the sale of the business fell
    through. Denha brought in Wayne Circuit Court an action
    against the Jacobs, seeking damages for the lost profits from
    the sale of the business, for the interest on a bank loan which
    plaintiff would no longer have been responsible for had the sale
    been completed, for lost interest on the note plaintiff would
    have given the purchasers and for lost profits from the new
    business plaintiff intended to purchase with the proceeds of the
    sale. The trial, before Roland L. Olzark, J., resulted in a verdict
    of $277,556 in favor of plaintiff. Defendants moved to set aside
    the judgment or for remittitur. Judge Olzark instead granted a
    new trial limited to damages. On the second day of the new
    trial, defendants moved for a mistrial and for the disqualifica-
    tion of Judge Olzark. The motion was granted. Defendants
    thereafter moved to limit plaintiff's proofs as to the sale price
    of the business to the $186,000 figure stated in the sales
    agreement and to exclude any parol evidence with respect to
    the alleged oral agreement by the purchasers to pay an addi-
    tional $79,000 at the time of closing. James A. Hathaway, J.,
    granted that motion. On the day set for retrial before Michael
    J. Talbot, J., plaintiff moved for an order to prohibit relitiga-
    tion of the question of whether he had failed to mitigate
    damages, while defendants moved for summary disposition on
    the basis that plaintiff had refused to accept a purchase offer
    for the business which was greater than the figure stated in the
    original purchase agreement and thus had failed to mitigate

REFERENCES
Am Jur 2d, Damages § 1022; Evidence § 1030; New Trial § 396.

damages. Judge Talbot granted summary disposition in favor of defendants on the basis of plaintiff's failure to mitigate damages. Plaintiff appealed.

The Court of Appeals *held*:

1. Judge Olzark did not err in granting a new trial on the issue of damages, since he properly found that the original award of damages was influenced by evidence that improperly appealed to the jury's passion or prejudice and that evidence of plaintiff's lost profits from his anticipated new business was based on speculation and conjecture. The court was not required to grant remittitur rather than to grant a new trial limited to damages.

2. It was error to limit plaintiff's proofs by application of the parol evidence rule, since defendants were not parties to the sales agreement. Accordingly it was error to grant summary judgment in favor of defendants on the basis that plaintiff failed to mitigate damages.

Reversed and remanded.

1. DAMAGES — NEW TRIAL.

A trial court may grant a new trial on the issue of damages where the jury's award appears to have been the result of an improper appeal to the jury's passion or prejudice or where the damages were based on speculation or conjecture (MCR 2.611[A][1][c],[d]).

2. DAMAGES — REMITTITUR — NEW TRIAL.

A trial court, upon a finding that a jury awarded excessive damages, may grant remittitur; however, the granting of remittitur is not mandatory, and the court may, in the alternative, grant a new trial on the issue of damages where liability is clear (MCR 2.611[E]).

3. EVIDENCE — PAROL EVIDENCE RULE.

The parol evidence rule cannot be invoked either by or against a stranger to the contract.

*Lawrence J. Stockler & Associates, P.C.* (by *Lawrence J. Stockler*), for plaintiff.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for defendants.

Before: BEASLEY, P.J., and GILLIS and J. T. HAM-
MOND,* JJ.

PER CURIAM. Plaintiff appeals as of right from
(1) an order partially setting aside a judgment and
ordering a new trial as to damages, (2) an order
granting partial summary disposition to defen-
dants on defendants' oral motion concerning the
parol evidence rule and (3) an order granting
summary disposition to defendants.

The complaint, originally filed on January 19,
1982, alleged breach of contract and tortious inter-
ference arising from defendants' refusal to consent
to assignment of a lease by plaintiff to third par-
ties.

Plaintiff purchased a business and its assets
from the defendants on July 3, 1978, and at the
same time entered into a five-year lease of the
premises on which the business was located. Para-
graph 8 of the lease provided that plaintiff could
not assign the lease without written consent from
defendants and that defendants would not with-
hold consent to an assignment without just cause.
In December, 1981, plaintiff arranged to sell the
business. Defendants refused to consent to the
assignment unless the purchasers agreed to pay
$500 more per month rent. The lease permitted an
increase of $100 per month if assigned. The deal
fell through and plaintiff sued.

The purchasers had agreed to pay $265,000 to
plaintiff. Although the purchase agreement stated
a price of $186,000, plaintiff and the purchasers
orally agreed that, at the time of closing, the
purchasers would pay an additional $79,000 for
the store.

Plaintiff sought damages for lost profit on the
sale, interest on plaintiff's loan from Community

---

* Circuit judge, sitting on the Court of Appeals by assignment.

National Bank that the purchasers were to have paid, and interest plaintiff would have earned on the note signed by the purchasers. Plaintiff also sought lost profits from a store plaintiff planned to buy.

The first trial, held February 20 and February 28, 1985, resulted in a jury verdict for plaintiff in the amount of $277,556. On April 5, 1985, defendants filed a motion to set aside judgment, for judgment notwithstanding the verdict or for remittitur. On July 25, 1985, Judge Roland L. Olzark issued a written opinion granting a new trial on the issue of damages. This new trial began on May 12, 1986. On the second day of the trial, May 14, 1986, defendants moved for mistrial and disqualification of Judge Olzark. Defendants' motion was granted.

On July 3, 1986, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10) which was heard before Judge James A. Hathaway. On July 9 and 10, 1986, the motion was argued during a settlement conference. Judge Hathaway granted partial summary disposition to defendants on an oral motion concerning the parol evidence rule. Plaintiff immediately filed an application for leave to appeal which was denied by this Court by order entered September 5, 1986.

The trial was rescheduled for September 2, 1986, before Judge Michael J. Talbot. On that date, plaintiff filed a motion in limine, seeking, among other things, an order clarifying that the trial was limited to plaintiff's proof as to the amount of damages and that the issue of mitigation was not to be relitigated. Defendants moved for summary disposition pursuant to MCR 2.116(C)(10) based on plaintiff's failure to accept an offer to purchase the business and therefore mitigate his damages. Judge Talbot denied plaintiff's motion and granted

defendants' motion for summary disposition, finding that plaintiff was not entitled to any recovery due to his failure to mitigate his damages.

Plaintiff claims that the trial court erred in granting a new trial as to damages where the jury's verdict was well within the proofs presented. A new trial may be granted where excessive or inadequate damages are awarded and it appears that the award may have been influenced by passion or prejudice or where a verdict is clearly inadequate. MCR 2.611(A)(1)(c) and (d). The decision to grant or deny a motion for new trial is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Beasley v Washington,* 169 Mich App 650, 655; 427 NW2d 177 (1988).

Judge Olzark granted defendants' motion for a new trial for two reasons: (1) testimony elicited by plaintiff improperly appealed to the jury's passion or prejudice; and (2) evidence of lost profits for plaintiff's new store was based on speculation and conjecture.

We agree with the trial court that the clearly excessive award was based improperly on evidence which was introduced originally to support a claim for exemplary damages. However, the claim for exemplary damages was withdrawn following proofs. Moreover, we find that the trial court did not clearly err in finding that the disparaging testimony against defendant influenced the jury's damage award.

We further find that the trial court did not err in determining that the nature of the damages for lost profits was speculative. A claim for lost profits must be subject to a reasonable degree of certainty and cannot be based solely on mere conjecture or speculation. *Bonelli v Volkswagen of America, Inc,* 166 Mich App 483, 511; 421 NW2d 213 (1988), lv

den 430 Mich 896 (1988). Uncertainty as to the existence of damages rather than the amount of damages will bar recovery. *Id.* The only evidence offered at trial regarding lost profits was plaintiff's relatively brief testimony.

We find plaintiff's argument that the trial court was required to grant remittitur rather than a new trial is without merit. MCR 2.611(E), which provides for remittitur, is permissive, not mandatory. A grant of a new trial limited to the issue of damages is allowed where liability is clear. *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641, 669; 378 NW2d 558 (1985).

We agree with plaintiff's claim that Judge Hathaway erred in granting defendants' motion to bar testimony of a side deal on the basis of the parol evidence rule. We agree with the majority of courts which hold that the parol evidence rule cannot be invoked either by or against a stranger to the contract. 30 Am Jur 2d, Evidence, § 1031, pp 166-167. Thus, the lower court erred in barring the parol evidence as to the true price agreement between plaintiff and the purchasers. Since we have found that the trial court improperly precluded consideration of the side deal, which amounted to $79,000, Judge Hathaway clearly erred when he granted partial summary disposition to defendants, and Judge Talbot clearly erred when he granted summary disposition to defendants.

We reverse and remand for a new trial limited to the issue of damages. We do not retain jurisdiction.