# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DECKROW, SUZANNE DECKROW,
ROBERT KNIGHT, and MARJORIE KNIGHT,

Plaintiffs/Cross Defendants-
Appellants/Cross Appellees,

v

JOHN BEZEMEK, NANCY BEZEMEK, and
JASON BEZEMEK,

Defendants/Cross Plaintiffs-
Appellees/Cross Appellants.

UNPUBLISHED
March 22, 2016

No. 323160
Sanilac Circuit Court
LC No. 13-035093-CZ

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

SERVITTO, J. (*concurring in part and dissenting in part*).

I concur in the majority's conclusion that the trial court properly dismissed defendants' slander of title claim. However, I respectfully dissent from its finding that the award of $10,000 in lost tree sales to defendants has merit.

I would find that the trial court's $10,000 award for lost timber sales was clearly erroneous for two reasons. First, the trial court explicitly stated on the record that it was finding that the easement at issue was an "ingress and egress easement." The judgment entered on June 10, 2104, is consistent with this ruling, stating, ". . . the Court declares the existence of an easement described, to-wit . . . running with the land described below for purposes of ingress and egress, to-wit . . . ." Neither party has appealed the trial court's finding or the specific language used. The majority does not mention this portion of the trial court's ruling.

"The use of an easement must be confined to the purposes for which it was granted, including any rights incident to or necessary for the reasonable and proper enjoyment of the easement, which are exercised with as little burden as possible to the fee owner of the land." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 131; 737 NW2d 782 (2007). "The owner of an easement cannot materially increase the burden of the easement or impose a new and additional burden on the servient estate." *Heydon v MediaOne*, 275 Mich App 267, 275; 739 NW2d 373 (2007).

-1-

Here, the trial court made a factual determination that the easement at issue was for ingress and egress only. The award of damages for lost tree sales, a commercial enterprise intended to be conducted on defendants' land appears to be facially inconsistent with the trial court's ruling that the easement was for ingress and egress only. Alternatively, the trial court found that commercial logging purposes fell within the context of "ingress and egress." I express concern with this finding, given that "in ascertaining the scope and extent of an easement, it is necessary to determine the true intent of the parties at the time the easement was created." *Wiggins v City of Burton*, 291 Mich App 532, 551; 805 NW2d 517 (2011). There is nothing in the record indicating that the parties intended to include ingress and egress for commercial purposes in the scope of the easement. The trial court's ruling allows ingress and egress to be potentially interpreted as providing unfettered use of the easement in such uncontemplated circumstances as driving tanker trucks over the encumbered property, or where defendants could open a business on their property, increasing traffic exponentially in the easement.

In any event, in order to award for commercial timbering losses, the trial court must have first considered whether that use, exercised by defendants as easement holders, was "reasonably necessary and convenient to the proper enjoyment of the easement, with as little burden as possible to the fee owner of the land." *Unverzagt v Miller*, 306 Mich 260, 265; 10 NW2d 849 (1943). Because the trial court did not conduct this analysis, I would find that the award of $10,000 in damages was in error.

Second, while the trial court's failure to consider whether commercial timbering would improperly burden the servient estates may be attributable to plaintiffs not raising the issue, this does not obviate defendants' burden to prove their damages with reasonably certainty. *Berrios v Miles, Inc*, 226 Mich App 470, 478; 574 NW2d 677 (1997). Assuming commercial timbering would be within the scope of the easement, finding that defendants lost an opportunity to do so in this case was unduly speculative. The only evidence presented by defendants regarding the lost timber sales was John Bezemek's testimony that an ash tree is worth $10, that there were about 1,000 ash trees on his property, and that he brought a forester to the property who was deterred by the issues Bezemek was having with plaintiffs. In other words, Bezemek merely inquired into his timbering prospects and ceased any further action when the forester he sought out for assistance allegedly passed on the opportunity because he did not want to be involved in the dispute. Given the scant evidence, awarding damages for lost tree sales in this case was tantamount to awarding speculative damages. See *Denha v Jacob*, 179 Mich App 545, 550; 446 NW2d 303 (1989) (affirming trial court's determination that a claim for lost profits was speculative where "[t]he only evidence offered at trial regarding lost profits was plaintiff's relatively brief testimony"). In addition, while Bezemek testified that time was of the essence in removing the ash trees, it was not established that the opportunity was permanently lost. Thus, I would find that the award of $10,000 in lost tree sales was in error. I would reverse this award and, at the very least, remand for further analysis and fact-finding.

/s/ Deborah A. Servitto