UNVERZAGT v. MILLER.

1. Easements—Reasonable and Necessary Rights Conveyed.
    The conveyance of an easement gives to the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement.

2. Same—Reasonable Use—Burden on Servient Tenement.
    The use exercised by the holders of an easement must be reasonably necessary and convenient to the proper enjoyment of the easement, with as little burden as possible to the fee owner of the land.

3. Same—Highways, Streets and Alleys of Summer Resort Park—Use for Deliveries by Merchants and Tradesmen.
    Cottage owners in a summer resort subdivision are entitled to the reasonable use of the highways, streets and alleys in the park of which the fee ownership is in defendant, inclusive of

·the use thereof for delivery purposes by merchants and tradesmen from whom the cottage owners purchase groceries, ice, milk and other goods for their use as residents of the park since such merchants and tradesmen should be considered as invitees of the cottage owners and such use is reasonably necessary for the use and enjoyment of the easement.

4. SAME—SUMMER RESORTS—USE OF HIGHWAYS, STREETS AND ALLEYS—MERCHANTS AND TRADESMEN.

By limiting the use of highways, streets and alleys in summer resort subdivision or park to owners of cottages therein, their families, servants, guests and such of their invitees as include merchants and tradesmen from whom the cottage owners have purchased goods for use as residents of the park and excluding use of premises for conventions, picnics, assemblies in general, or hawkers and peddlers of goods, wares and merchandise, the burden upon the servient estate is not unlawfully increased, where the limitation of the use is not expressly restricted.

5. SAME—REASONABLENESS OF USE—QUESTION OF FACT.

The necessity and reasonableness of the use made of an easement by the dominant estate are questions of fact, limited only by what may be deemed necessary and reasonable to the enjoyment of the easement.

Appeal from Ottawa; Hoffius (Cornelius), J., presiding. Submitted June 10, 1943. (Docket No. 56, Calendar No. 42,388.) Decided September 7, 1943. Rehearing denied October 15, 1943. Reconsideration denied November 29, 1943.

Bill by Irwin Unverzagt and others against Georgie E. Miller to restrain interference with plaintiff's free and unrestricted use of the streets for themselves, their agents, servants, friends and merchants and traders from whom they purchase goods. Decree for defendant. Plaintiffs appeal. Modified and affirmed.

*Jarrett N. Clark,* for plaintiff.

*Diekema, Cross & Ten Cate,* for defendant.

Boyles, C. J. Plaintiffs are owners of cottage properties in Macatawa Park, a summer resort in Allegan and Ottawa counties, on Lake Michigan. Defendant owns the fee in the highways, streets and alleys in the park. The question we are asked to decide is, whether the cottage owners have the right to order groceries, ice, milk and other goods for their use as residents of the park from merchants and tradesmen outside the park and have these goods delivered to the cottages by the persons from whom they are bought, without interference from the defendant. The defendant claims the right to prevent such use of the streets in the park unless the merchant or tradesman obtains permission from the defendant and pays a license fee for use of the streets. On this particular issue, the decree entered by the lower court provides:

"That the defendant, Georgie E. Miller, is the owner in fee of the roads, streets, drives, alleys and parks in Macatawa Park; that the same are not public, but private thoroughfares; that the defendant as such owner has the right to regulate, license and control same on a uniform basis, as this right has been exercised in the past.

"That said roads, drives, walks and alleys are subject to an easement of the cottage and land owners at Macatawa Park, the members of their families, their servants and guests, to use the same in the customary and ordinary manner in which one goes to and from his premises; that the easement acquired and possessed by the cottage owners in the drives, walks, roads and alleys has become definite and fixed as to its limitations, extent and restrictions and may not be changed, enlarged, curtailed or diminished.

"That merchants, tradesmen and peddlers have no right to use the roads, streets, drives or alleys as public thoroughfares; that defendant is per-

mitted to license merchants, tradesmen and peddlers for the right to use the roads, streets, drives and alleys of Macatawa Park.''

There is no occasion to repeat here the history and growth of the development of Macatawa Park. This has been before this court and is fully set out in *Weihe* v. *Macatawa Resort Co.*, 198 Mich. 334. It is sufficient to say that the defendant herein has succeeded to all of the rights and title of the former Macatawa Resort association or company referred to in that opinion. Defendant is the owner of the fee in highways, roads, streets and alleys in the park, subject to an easement and right of use by the owners of cottages and lots within the park. The rights of the cottage owners have been further considered by this court in *Van Wieren* v. *Macatawa Resort Co.*, 235 Mich. 606; *Ten Broek* v. *Miller*, 240 Mich. 667 (55 A. L. R. 768, P. U. R. 1928 B, 369); and *Antisdel* v. *Macatawa Resort Co.*, 243 Mich. 444 (P. U. R. 1928 E, 606).

The parties in this case are not far apart in their claims. The bill of complaint alleges:

''That said summer homes are valuable only in so far as they can enjoy them as summer homes, use the roads, streets, alleys and walks, and secure their provisions, foodstuffs, milk, ice, water and electricity and such other incidentals as are from time to time deemed necessary. And that if they cannot use said roads, streets and walks and secure such provisions, foodstuffs, milk, ice, water and electricity as and when needed their summer homes and their investments will become valueless and of no account to them, and great and irreparable injury will be done them.''

The truth of this allegation is admitted in defendant's answer in which defendant claims:

"That part of the real value of the property of the plaintiffs as summer homes is the fact that the roadways, bathing beaches, parks, et cetera, are privately owned and that public picnics, undesirable persons, traffic jams, excessive automobile traffic, abuse of the bathing beaches, et cetera, are excluded from Macatawa Park, and that plaintiffs and others occupying the cottages are saved from such annoyances."

Plaintiffs expressly disclaim any desire that the streets in the park be opened to general use by the public. They are agreed that hawkers and peddlers of goods, wares and merchandise should not be allowed to practice their trade or business in the park. As counsel for plaintiffs phrases their claim:

"I think the judge has put in one more thing than we claim, which we don't claim, we are not claiming the right to have Tom, Dick and Harry go up there to solicit orders, cry their wares and ring door bells to try to dispose of their goods. * * * We claim that she (the defendant) hasn't any right to stop any person that we have asked to come to our place, whether it is a friend, or whether it is the milkman we have ordered to bring milk to us, or whether it is the grocery man."

The defendant claims that she has the exclusive right to determine which ones (if any) of the grocers, tradesmen, milkmen, icemen, others who deliver goods at the cottages at the invitation or request of the cottage owners, may use the streets in the park, and claims the right to exclude those who do not obtain and pay for a license from the defendant. We do not agree with defendant's contention.

From the record, it appears that for many years (perhaps 30 or more) it has been the custom to have a grocery store in the park, and that defendant has

customarily rented the store and collected a license fee from someone to sell and deliver groceries in the park. Outside tradesmen were not allowed to make deliveries without the express consent of defendant. In 1942, defendant licensed the store and delivery privilege to three boys who stayed on the job only about three weeks. Thereafter, defendant would not allow outside merchants and tradesmen to deliver goods at the cottages unless the merchant or tradesman obtained her consent and paid a license fee. The outside merchants and tradesmen refused to pay the license fee. As a result, the cottage owners were either compelled to bring in their own goods and supplies, or submit to defendant's requirement that deliveries be made only at the store owned by defendant (then used mainly for storage purposes), to be later delivered to the cottages by the defendant. We believe this was an unreasonable restriction on the right of the cottage owners to the use of the streets. The general rule as to the extent of the right to enjoy an easement is:

"It is an established principle that the conveyance of an easement gives to the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." 9 R. C. L. p. 784.

The rights of the cottage owners must be measured and defined by the purpose and character of the easement. There must be a due and reasonable enjoyment by both parties — those who hold the dominant right, as well as those who own the fee. The use exercised by the holders of the easement must be reasonably necessary and convenient to the proper enjoyment of the easement, with as little burden as possible to the fee owner of the land. Defendant concedes that the cottage owners have the

right to buy groceries, milk, ice, other goods necessary to the use and enjoyment of plaintiffs' cottages wherever they choose, but deny plaintiffs' right to have deliveries of such goods by the seller. This is not a question of the right of outside merchants and tradesmen to use private streets; rather, we consider it a question of the right of the cottage owners to have the streets used by those who are invited and requested by the cottage owners to make use of the streets for plaintiffs' benefit. Such merchants and tradesmen should be considered as invitees of the cottage owners; and under the circumstances of this case we consider such use reasonably necessary for the use and enjoyment of the easement.

This does not mean that any and all invitees of a cottage owner may have the right to use the streets. To so hold, would mean that a cottage owner might invite the use of the streets by conventions, picnics, assemblies in general. Such use would defeat the purpose as well as the desires of all parties. Nor do we go to the extent of holding that hawkers and peddlers of goods, wares and merchandise may use the private streets in the park for their own purposes, even at the invitation of cottage owners. As thus limited, the use of the streets by merchants and tradesmen will not constitute an unlawful increase of the burden on the servient estate. *Henkle* v. *Goldenson,* 263 Mich. 140. The necessity and reasonableness of the use made of the easement by the dominant estate are questions of fact, limited only by what may be deemed necessary and reasonable to the enjoyment of the easement. *Harvey* v. *Crane,* 85 Mich. 316 (12 L. R. A. 601).

"In the absence of express restrictions in that regard in the grant, it seems that all persons who can be regarded as having permission, express or implied, to enter on the dominant tenement, may

use a way for the purpose of access to such tenement and of egress therefrom. Consequently members of the family of the dominant owner, his servants and employees, his guests, and tradesmen and other persons with whom he does business, may do so." 3 Tiffany, Real Property (3d Ed.), chap. 14, § 803, p. 326.

"Nor is the owner of the way limited to its use by himself in *propria persona.* The way belongs to him as his property. All persons having occasion may, with his permission, transact business with him by passing to and fro over the way. He may use it by his servants and employees in conducting his business." *Shreve* v. *Mathis*, 63 N. J. Eq. 170, 178 (52 Atl. 234).

"The appellant was using the customary private way leading to the houses of the tenants upon the tract of land in question under the right of such tenants, to whom and upon whose express orders he was at the houses delivering necessary family supplies. The right of the tenants justified his entry and he was not a trespasser." *Commonwealth* v. *Burford,* 225 Pa. 93, 99 (73 Atl. 1064).

The decree entered in the circuit court will be modified in consonance with this opinion and otherwise affirmed, with costs of this court to plaintiffs.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.