**Michigan Supreme Court**
**Lansing, Michigan 48909**



Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 9, 2003**

ROBERT LITTLE and
BARBARA LITTLE,

    Plaintiffs-Appellants,

v                                 No. 121037

STEVEN KIN, ROSALYN KIN, THOMAS
TRIVAN, and DARLENE TRIVAN,

    Defendants-Appellees.

_____

**BEFORE THE ENTIRE BENCH**

**MEMORANDUM OPINION**

    We granted leave to appeal to consider the scope of defendants' easement "for access to and use of the riparian rights to Pine Lake." 467 Mich 898 (2002). Having reviewed the issues involved, we agree with the judgment of the Court of Appeals.[1]

---

[1] 249 Mich App 502; 644 NW2d 375 (2002).

However, we write briefly to clarify the trial court's duties on remand.

First, the trial court must determine whether the easement contemplates the construction and maintenance of a dock by defendants. In answering this question, the trial court shall begin by examining the text of the easement. Where the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted. See, e.g., *Gawrylak v Cowie,* 350 Mich 679, 683; 86 NW2d 809 (1957). If the text of the easement is ambiguous, extrinsic evidence may be considered by the trial court in order to determine the scope of the easement.[2]

If the easement grants defendants the right to construct or maintain a dock, the trial court must determine whether the particular dock at issue is permissible under the law of easements. Under our well-established easement jurisprudence, the dominant estate may not make improvements to the servient estate if such improvements are unnecessary for the effective use of the easement or they unreasonably burden the servient tenement. *Crew's Die Casting Corp v Davidow,* 369 Mich 541;

---

[2]We note that the Court of Appeals stated that "in deciding the scope of defendants' rights under the easement, the trial court must consider the language in the easement itself *and* the circumstances existing at the time of the grant . . . ." 249 Mich App 514 (emphasis added). This directive is clearly inconsistent with the well-established principles of legal interpretation as stated above and is thus incorrect.

120 NW2d 238 (1963); *Unverzagt v Miller*, 306 Mich 260, 265; 10 NW2d 849 (1943); *Mumrow v Riddle,* 67 Mich App 693, 700; 242 NW2d 489 (1976).  Accordingly, if the trial court concludes that the easement grants defendants the right to construct or maintain a dock, it must then determine (1) whether the dock is necessary for defendants' effective use of their easement and (2) whether the dock unreasonably burdens plaintiffs' servient estate.

To the extent consistent with this opinion, the judgment of the Court of Appeals is affirmed.  The case is remanded to the trial court for further proceedings.

Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

KELLY, J.

I concur in the result only.

Marilyn Kelly