# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 12, 2007

131742

DENISE BATKO,
      Plaintiff-Appellee,

v

KEITH BATKO,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131742
COA: 266766
Oakland CC: 2003-684092-DO

On order of the Court, the application for leave to appeal the June 20, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I respectfully dissent and would remand to the trial court for it to interpret and apply the term "cohabitation" in the parties' consent judgment of divorce in accordance with traditional rules of interpretation. The term "cohabitation" is not made ambiguous simply because its meaning is in dispute, or because the term is susceptible to multiple definitions. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 317 (2002). Rather, an ambiguity exists in a contract "if two provisions of the same contract irreconcilably conflict with each other," *Klapp v United Ins Group Agency, Inc,* 468 Mich 459, 467 (2003), or "when [a term] is *equally* susceptible to more than a single meaning." *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 166 (2004) (emphasis in original). Only after a contract is found to be ambiguous may a trial court consider extrinsic evidence. *Klapp*, *supra* at 470-471. "[C]onsidering extrinsic evidence in the absence of ambiguous language is 'clearly inconsistent with the well-established principles of legal interpretation . . . .'" *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 49 (2005), quoting *Little v Kin*, 468 Mich 699, 700 n 2 (2003). Rather, absent ambiguous language, it is the obligation of the trial court to define contract terms in accordance with their "plain or common meanings," *People v Yamat*, 475 Mich 49, 55 (2006), and to "give effect to every word, phrase, and clause in a contract . . . ." *Klapp*, *supra* at 468.

On remand, I would counsel the trial court to bear in mind the following statement of this Court: "In lieu of the traditional approach to discerning 'ambiguity' -- one in which only a few provisions are truly ambiguous and in which a diligent application of the rules of interpretation will normally yield a 'better,' albeit perhaps imperfect, interpretation of the law -- the dissent would create a judicial regime in which courts would be quick to declare ambiguity and quick therefore to resolve cases and controversies on the basis of something other than the words of the law." *Lansing Mayor, supra* at 166. "A provision of law that is unambiguous may well be one that merely has a better meaning, as opposed to a clear meaning." *Id.* at 166 n 7.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 12, 2007

Clerk

s0109