# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 19, 2007

131860

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

DYNA GRIND SERVICES, LLC, and
MARCO FUSCO,
      Plaintiffs/Counter-Defendants-
      Appelles,

v

CITY OF RIVERVIEW,
      Defendant/Counter/Plaintiff/Third-
      Party Plaintiff-Appellant,

and

TIM DURAND, RANDY ALTIMUS, ROBERT
BOBECK, DAVID SUPUTA, and JOHN MENNA,
      Defendants/Counter-Plaintiffs,

v

RLI INSURANCE COMPANY,
      Third-Party Defendant/Third-Party
      Plaintiff,

v

MV CONSTRUCTION, INC., and CANS
UNLIMITED, LLC,
      Third-Party Defendant.

SC: 131860
COA: 255825
Wayne CC: 01-135578-CK

_____/

On order of the Court, the application for leave to appeal the May 4, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I dissent and would remand to the trial court for it to determine whether, under the actual language of the contract, defendant or plaintiff was in breach. A contract is ambiguous when two provisions "irreconcilably conflict with each other," *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467 (2003), or "when [a term] is equally susceptible to more than a single meaning." *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 166 (2004) (emphasis in the original). Only after a contract has been found to be ambiguous may a trial court consider extrinsic evidence. *Klapp, supra* at 470-471. "[C]onsidering extrinsic evidence in the absence of ambiguous language is 'clearly inconsistent with well-established principles of legal interpretation . . . .'" *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 49 (2005), quoting *Little v Kin*, 468 Mich 699, 700 n 2 (2003). Where there is an ambiguity, ascertainment of the meaning of contract language presents a question of fact that must be decided by a jury. *Klapp, supra* at 469. Absent ambiguity, it is the obligation of the court to interpret the contract as written. *Id*.

After reviewing the language of the contract, I believe that the instant contract is not ambiguous, and that the trial court therefore erred in admitting extrinsic evidence and in submitting the question of interpretation to the jury. Under the contract, Dyna Grind Services (DGS) has "exclusive rights to grind *acceptable waste at the Land Preserve*" landfill. (Emphasis added.) "Acceptable grindable material" is limited to construction and demolition debris, and 'nonfriable' asbestos type of roofing, delivered by Cans Unlimited and by "such other of City's customers as the City directs to the grinding area." Thus, the definition of "acceptable grindable material" indicates that the city has the *discretion* to direct this waste to the Land Preserve landfill. The city has no obligation to direct *all* of the waste collected by the city's customers to Land Preserve and DGS has exclusive rights to grind only "acceptable grindable material" directed to the Land Preserve landfill. Paragraph 8 sets forth the minimum grinding capacity required of DGS and indicates that all the deliveries of "acceptable grindable material" made at the Land Preserve landfill must be processed in accordance with Land Preserve policy before they are transported to DGS's grinding area; paragraph 6 sets forth the payment to which DGS is entitled for grinding the acceptable waste. There is neither a conflict among these provisions nor any other basis for finding the contract to be ambiguous.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 19, 2007

*Corbin R. Davis*

Clerk

s0116