# STATE OF MICHIGAN

# COURT OF APPEALS

---

JAYANNE GILROY, Trustee of the JAYANNE
REID GILROY TRUST,

        Plaintiff/Counter Defendant-
        Appellant,

v

SCOTT SPEIDEL and RAEANN CONONI,

        Defendants/Counter Plaintiffs-
        Appellees.

UNPUBLISHED
May 26, 2015

No. 320916
Mackinac Circuit Court
LC No. 2010-006909-CH

---

Before: GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In this case involving a dispute over the scope of an easement between adjoining landowners, plaintiff appeals as of right the trial court's order, which permitted defendants to make alterations to the easement as long as those alterations did not obstruct plaintiff's view of Lake Huron. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case is before this Court for the second time and once again involves the interpretation of the easement. The relevant facts were stated at length in *Gilroy v Speidel*, unpublished opinion per curiam of the Court of Appeals, issued May 21, 2013 (Docket No. 307125), and will not be repeated. The previous panel concluded that the trial court "failed to adequately instruct the parties regarding 'the view' that must be 'maintain[ed]' under the agreement and thereby left the parties without parameters for 'restrict[ing] Speidel's 'construction and improvements' in the area." *Gilroy*, unpub op at 1.[1]

On remand, the trial court determined that the "view" provided for in the easement agreement was of Lake Huron, not "the general vista." More specifically, the trial court ruled:

---

[1] The panel also addressed a number of issues not relevant to this appeal.

-1-

The aspect of the easement language,

> "the purpose of this easement is to restrict construction or improvements on this property to maintain the view from the Gilroy property"

is the second issue the Court of Appeals directed this Court to address. What constitutes a 'view' is certainly in the eye of the beholder. As mentioned, the Court has visited the properties involved at least three times and has a clear picture of the current setting making clear, "the view" to be an unobstructed view of the lake and the Court hereby so find[s].

> The debate here is basically on the height of a proposed berm relocation to avoid erosion from water runoff. The Plaintiff has suggested three feet in height for any plantings and the Defendant five feet. The Court establishes the allowable height at four feet. Given the slope and/or grade involved, the height of any and all vegetation, at a four foot limit, the Court finds will not obstruct the view of the Plaintiff toward the Lake. The berm shall encompass the entire width of the easement, 24 feet, and follow the current path of the rock configuration as closely as possible.

Plaintiff now appeals as of right.

## II. STANDARD OF REVIEW

"The scope and extent of an easement is generally a question of fact that is reviewed for clear error on appeal." *Wiggins v City of Burton*, 291 Mich App 532, 550; 805 NW2d 517 (2011). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 296; 769 NW2d 234 (2009) (citation and internal quotation marks omitted). A trial court's interpretation of an easement agreement is a question of law that is reviewed de novo. *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003).

## III. USE OF THE EASEMENT FOR BEACH PURPOSES

Plaintiff contends that she is entitled to use the easement for beach purposes and argues that the trial court erred in failing to recognize and give effect to this. We decline to entertain plaintiff's argument.

In our earlier opinion, we ruled as follows:

> The plain language of the easement agreement provides simply that "Gilroy shall have the right to place and use and the obligation to maintain a walkway to the shore; the location and style of which is to be mutually agreed on by Gilroy and Ganzhorn." It is possible that the inclusion of a beach area within the easement may have been mutually agreed upon by Gilroy and Ganzhorn at the time of its installation. However, the easement agreement provides that "[e]vidence of acceptability to Grantor to be in writing prior to installation."

-2-

Gilroy provided no evidence of a writing in which Ganzhorn or his successors approved of the creation of a beach area within the easement. Accordingly, the circuit court properly concluded that Gilroy has no specific right to that use. [*Gilroy*, unpub op at 5.]

On remand, a trial court is required to comply with a directive from an appellate court." *Duncan v Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013). The law of the case doctrine precluded the trial court from ruling contrary to this Court's remand directive:

Under the law of the case doctrine, if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand that is inconsistent with the judgment of the appellate court. Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals. [*Grievance Adm'r v Lopatin*, 462 Mich 235, 259-60; 612 NW2d 120 (2000) (internal quotation marks, citations, and footnote omitted).]

The trial court cannot be faulted for complying with this Court's previous orders. Accordingly, we are bound, as was the trial court, by our earlier determination that "the creation of a beach area within the easement" is not a permissible use under the terms of the easement agreement.

## IV. DEFINITION OF "VIEW"

In our earlier opinion we stated that the "view" contemplated was either a view "of the lake" or a view of the "general vista." *Gilroy*, unpub op at 6. We remanded this matter to the trial court to "define the 'view' contemplated in the agreement and establish parameters for the parties' rights and duties in this regard." *Id*. The trial court and the parties visited the site of the easement and the trial court ruled "the view" as set forth in the easement was an unobstructed view of the lake. There is no reason to disturb such a finding.

The easement agreement "restricted" Ganzhorn and her successors and assigns, from altering the easement in a manner that would impede "the view." As this Court noted in its earlier opinion, " 'restrict' means 'to keep within limits; . . . to restrain within bounds.' " *Gilroy*, unpub op at 6, quoting *Webster's New Universal Unabridged Dictionary* (Deluxe 2d ed), p 1544. The fact that defendants are permitted to engage in construction and improvements to a certain degree supports the conclusion that the parties did not intend the easement to remain how it was originally configured when the easement was granted. Indeed, as defendants recognize, plaintiff altered the appearance of the easement herself by installing the seawall that she now wants restored.

Further, even in her proposed order, plaintiff acknowledges that "[i]mprovements and construction under 3' are deemed not to impede the maintenance of said 'view'." Plaintiff is unable to reconcile how permitting improvements and construction with a certain height limit constitutes leaving the easement in the condition of how it was originally configured when the

easement was granted. In short, a conclusion that the "view" requires "the general vista" to remain how it was originally configured when the easement was granted while also allowing certain construction and improvements is logically inconsistent.[2]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

[2] We decline to address issues raised by plaintiff that pertain to actions taken after the trial court entered the order