# Syllabus

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

MANIACI v DIROFF

Docket No. 158005. Argued on application for leave to appeal October 16, 2019. Decided November 21, 2019.

In 2014, Jeffrey S. Maniaci filed an action in the Gladwin Circuit Court against Thomas and Mandy Diroff, asserting that he had the right to use a piece of property (Parcel B) that separated Vonda Lane from the Tittabawassee River, also known at that location as Secord Lake; defendants counterclaimed, arguing that they owned Parcel B. In June 2015, plaintiff and defendants entered into a consent judgment in which defendants conveyed to plaintiff and others an easement to traverse Parcel B; specifically, the right of ingress and egress access to and from the water's edge of the Tittabawassee River across Parcel B to Vonda Lane. The easement expressly allowed the temporary mooring and launching of watercraft, including by boat trailer, but prohibited use of the easement for nontemporary mooring, docks, and/or wharfs. In April 2016, plaintiff moved to hold defendants in contempt for not complying with the consent judgment, asserting that defendants had failed to remove certain barriers on Parcel B; plaintiff also requested to regrade the easement to allow a trailer to launch a boat from the parcel. After a hearing on the issue, the court, Thomas R. Evans, J., denied the motion. Plaintiff sought leave to appeal the postjudgment order in the Court of Appeals, and in an unpublished order entered November 23, 2016 (Docket No. 333952), the Court denied the application. In the interim, defendants had conveyed Parcel B to Kenneth G. Siler and Tonya L. Siler, and in July 2016, the Silers conveyed Parcel B to the Kenneth G. Siler and Tonya L. Siler Revocable Trust dated April 3, 2013. Plaintiff filed an application for leave to appeal in the Supreme Court, and the Court remanded the case to the Court of Appeals for consideration as on leave granted. 500 Mich 1057 (2017). On remand, the Court of Appeals, METER, P.J., and GADOLA and TUKEL, JJ., affirmed the circuit court order in an unpublished per curiam opinion issued May 15, 2018 (Docket No. 333952), reasoning that just because it was not feasible to back a boat trailer fully to the water's edge did not prevent the easement from being used to launch boats, including with the use of a boat trailer. Plaintiff appealed, and the Supreme Court ordered and heard oral argument on whether to grant the application for leave to appeal or take other action. 503 Mich 1024 (2019).

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal, *held*:

An easement holder cannot make improvements to the servient estate if the improvements are unnecessary for the effective use of the easement or they unreasonably burden the servient

tenement. Relatedly, the conveyance of an easement gives to the grantee all the rights that are incident or necessary to the reasonable and proper enjoyment of the easement. In this case, the easement expressly included the right to bring a boat trailer onto Parcel B and to use it to launch watercraft into the water. Given the dictionary definition of the word "launch,"—that is, to set (a boat or ship) in the water—the scope of the easement necessarily included the ability to bring a boat trailer at least to the water's edge; in other words, the easement had to include that ability because in order to set a watercraft in the water, including by boat trailer, one had to be able to bring the trailer at least to the water's edge. In addition, because plaintiff had an easement to launch boats, including by boat trailer, and the ability to perform that action was necessary to the reasonable and proper enjoyment of the easement, he had the right to regrade the shoreline of Parcel B for easier access to the water.

Court of Appeals judgment reversed, circuit court order denying plaintiff's request to adjust the slope of Parcel B vacated in part, and case remanded to the circuit court.

©2019 State of Michigan

# OPINION

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

FILED November 21, 2019

STATE OF MICHIGAN

SUPREME COURT

JEFFREY S. MANIACI,

        Plaintiff-Appellant,

v                               No. 158005

THOMAS DIROFF and MANDY DIROFF,

        Defendants-Appellees,

and

KENNETH G. SILER AND TONYA L.
SILER REVOCABLE LIVING TRUST
DATED APRIL 3, 2013,

        Appellee.

BEFORE THE ENTIRE BENCH

PER CURIAM.

This case involves the scope of an easement to traverse a piece of property (Parcel

B) that separates a road (Vonda Lane) from the Tittabawassee River, also known at this

location as Secord Lake. Pursuant to a June 18, 2015 consent judgment, the defendants[1] conveyed an easement across Parcel B for ingress and egress access to and from the Tittabawassee River to the plaintiff, Jeffrey S. Maniaci, and others. The consent judgment specified that the easement "may also be used for the temporary mooring and launching of watercraft, including by boat trailer, but may not be used for non-temporary mooring, docks, and/or wharfs."

To decide this case, we must answer two questions. First, does the scope of the easement include backing a boat trailer all the way to the water's edge? Second, is it necessary for effective use of the easement to regrade the shoreline to allow such access by boat trailer?

We answer both of those questions yes. Accordingly, we reverse the judgment of the Court of Appeals, vacate in part the July 11, 2016 order of the Gladwin Circuit Court, and remand this case to the Gladwin Circuit Court for further proceedings consistent with this opinion.

Michigan law on easements is well established. In *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 41; 700 NW2d 364 (2005), quoting *Little v Kin*, 468 Mich 699, 701; 664 NW2d 749 (2003), this Court reaffirmed "[a] fundamental principle of easement law": the easement holder cannot "make improvements to the servient estate if such improvements are unnecessary for the effective use of the easement or they unreasonably

---

[1] In June 2016, the defendants-appellees Thomas and Mandy Diroff conveyed Parcel B to Kenneth G. Siler and Tonya L. Siler. In July 2016, the Silers then conveyed Parcel B by quitclaim deed to appellee, the Kenneth G. Siler and Tonya L. Siler Revocable Trust dated April 3, 2013. This opinion uses "the defendants" to refer to the Diroffs and "the appellee" to refer to the Siler Trust.

burden the servient tenement." (Quotation marks omitted.) The Court also quoted *Unverzagt v Miller*, 306 Mich 260, 265; 10 NW2d 849 (1943), for the related proposition that "the conveyance of an easement gives to the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." (Quotation marks and citation omitted.)

Applying these legal principles, we have little trouble concluding that the unambiguous terms of the easement provide an express right to back a boat trailer to the water's edge. The consent judgment defines the easement as extending from the end of Vonda Road *to the water's edge* and states that the easement may be used for the "launching of watercraft, including by boat trailer . . . ." See ¶ 1 of the consent judgment (defining Parcel B, in part, as "to the water's edge of the Tittabawassee River"); see also ¶ 2 (granting the plaintiff "an appurtenant non-recreational easement for ingress and egress access to and from the Tittabawassee River (a/k/a Secord Lake) *across Parcel B to and from Vonda Lane*") (emphasis added). Thus, the easement expressly includes the right to bring a boat trailer onto the property and to use the trailer to "launch" watercraft into the water. A lay dictionary includes as its first definition of the word "launch" "to set (a boat or ship) in the water." *Random House Webster's College Dictionary* (2003); see also *Merriam-Webster's Collegiate Dictionary* (11th ed) (defining "launch" as "to set (a boat or ship) afloat"). Because in order to "set a watercraft in the water, including by boat trailer," one must be able to bring a boat trailer at least to the water's edge, the scope of the easement must include the ability to do so.[2] We therefore disagree with the Court of

---

[2] The Court of Appeals erred by going beyond the language of the consent judgment to determine the scope of the easement. The Court concluded that regrading the shoreline

3

Appeals' contrary conclusion that "just because it is not feasible to back a boat trailer all the way to the water's edge does not prevent the easement from being used to launch boats, including with the use of a boat trailer." *Maniaci v Diroff*, unpublished per curiam opinion of the Court of Appeals, issued May 15, 2018 (Docket No. 333952), p 5.

We similarly have little difficulty concluding that the plaintiff's request to regrade the shoreline of Parcel B is "necessary to the reasonable and proper enjoyment of the easement."[3] *Unverzagt*, 306 Mich at 265 (quotation marks and citation omitted). The appellee's counsel conceded at oral argument that it is currently not possible to set a boat in the water by boat trailer on Parcel B. The current slope of Parcel B therefore both prevents a boat trailer from being backed to the water's edge, a permitted use within the scope of the easement, and generally inhibits water access by making it difficult to get boats of any kind into the water.

The plaintiff has an easement to launch boats, including by boat trailer, on Parcel B. He seeks to do just that by improving the land to facilitate easy access to the water by regrading the shoreline.[4] This the law gives him the right to do. We reverse the judgment

---

was outside the scope of the easement, in part, because of evidence that the shoreline remained unchanged from the commencement of this litigation and evidence demonstrating that the issue of regrading the shoreline did not arise until long after entry of the consent judgment. Reference to extrinsic evidence is not appropriate because the language of the easement is unambiguous. *Little*, 468 Mich at 700 & n 2.

[3] The appellee makes nothing more than a conclusory statement that the regrading of the shoreline will unreasonably burden its estate. We consider a challenge under that part of the *Blackhawk* test to be abandoned because the appellee failed to present any supporting argument.

[4] We reject the appellee's contention that regrading the shoreline amounts to "damage to the surface of the Easement," thereby implicating ¶ 4 of the consent judgment (placing

4

of the Court of Appeals, vacate the portion of the Gladwin Circuit Court's July 11, 2016 order denying the plaintiff's request to adjust the grade or slope of Parcel B, and remand to that court for further proceedings consistent with this opinion.[5]

Bridget M. McCormack
Stephen J. Markman
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

---

responsibility "for restoring the Easement to its pre-damaged state" on those who created such damage). Rather, we agree with the Court of Appeals that "[g]rading the parcel to alter the slope sufficiently to launch a boat from a boat trailer" is an improvement. *Maniaci*, unpub op at 4.

[5] We decide only that the plaintiff is entitled to make some alteration to the shoreline to facilitate the launching of boats by boat trailer and leave it for the trial court to address any additional issues on remand that are beyond the scope of that narrow holding.