*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EMBERS INN & TAVERN PROPERTY GROUP, LLC, d/b/a RUSTED SPOKE BREWING CO,

Plaintiff-Counterdefendant-Appellee,

v

MACKINAC ISLAND FERRY CO, formerly known as STAR LINE MACKINAC ISLAND PASSENGER SERVICE INC.,

Defendant-Counterplaintiff-Appellant.

UNPUBLISHED
December 28, 2023

No. 364978
Cheboygan Circuit Court
LC No. 22-008892-CH

Before: BORRELLO, P.J., and SWARTZLE and PATEL, JJ.

PER CURIAM.

Plaintiff enjoys an easement across defendant's property, that abuts plaintiff's business, so that plaintiff's customers can park on defendant's property. Plaintiff intended to make improvements to the property, and defendant objected. The trial court granted plaintiff summary disposition. We affirm.

## I. BACKGROUND

Plaintiff's business is separated from defendant's business by Huron Avenue, and defendant's overflow parking lot sits behind plaintiff's building. Defendant also owns the property that abuts plaintiff's property to the north. Plaintiff entered into a "Reciprocal Easement Agreement" with defendant's predecessor that ran with the land. The easement provided, in relevant part:

> WHEREAS, [defendant] desires to grant an easement to [plaintiff] to provide for the use of certain parking spaces on the [defendant] Property; and
>
> * * *
>
> 1. **Grant of Ingress and Egress Easement.** [Plaintiff] hereby grants to [defendant], its successors and assigns, a perpetual nonexclusive easement, for the

benefit of [defendant] and its guests and invitees, for the purpose of providing ingress and egress over and across the driveway areas as described on Exhibit "C" attached hereto (the "Ingress and Egress Easement"). [Plaintiff] hereby agrees that no building or other structures will be placed over said easement that will threaten to interfere with the utilization of the Ingress and Egress Access Easement.

2. **Parking Easement**. [Defendant] hereby grants to [plaintiff] an easement on or across the [defendant] property for purposes of parking in the area described on Exhibit "D" attached hereto (the "Parking Easement"). [Defendant] hereby agrees that no building or other structures will be placed over said easement that will threaten to interfere with the utilization of the Parking Easement.

Plaintiff was given the parking easement above to defendant's property that abuts plaintiff's property to the north, and defendant was granted an ingress and egress easement through plaintiff's property so that defendant's customers could reach its overflow parking lot.

Plaintiff planned to renovate the property to which it had the parking easement, and it submitted a "site plan" to the Planning Commission of the Village of Mackinaw City for those improvements. That plan was approved and, as part of that approval, plaintiff understood that it was required to expand the parking spaces into the property's foliage to comply with Article 3, Section 3-124-C of the Village's Zoning Ordinance that regulated parking-space dimensions. Defendant allegedly interfered with plaintiff's site improvements, arguing that plaintiff did not have the authority to destroy defendant's foliage.

Plaintiff sued defendant to enjoin it from interfering with the site plan and to settle the easement in its favor. Defendant filed a counter-complaint for quiet title to the parking easement and ingress-and-egress easement, and for damages of plaintiff's destruction to defendant's foliage.

Plaintiff moved for summary disposition under MCR 2.116(C)(8) and (C)(10), and defendant moved for summary disposition under MCR 2.116(I)(2). The trial court granted plaintiff summary disposition because plaintiff's proposed improvements were within the easement, the destruction of the foliage was necessary to comply with the Village's ordinance governing parking spaces, and defendant did not identify a genuine issue of material fact that plaintiff's proposed improvements would unreasonably interfere with defendant's rights.

The trial court denied defendant's motion for reconsideration, and now defendant appeals.

II. ANALYSIS

The trial court considered matters outside the pleadings when granting summary disposition, and, therefore, we review the appeal under MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate

if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

"The proper interpretation of a contract is a question of law, which this Court reviews de novo." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 48; 664 NW2d 776 (2003). "We examine the language in the contract, giving it its ordinary and plain meaning if such would be apparent to a reader of the instrument." *Id*. (cleaned up). "The extent of a party's rights under an easement is a question of fact, and a trial court's determination of those facts is reviewed for clear error." *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005).

An express easement is interpreted according to the rules for contract interpretation. *Wiggins v City of Burton*, 291 Mich App 532, 551; 805 NW2d 517 (2011). "Where the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted." *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003). Thus, the purpose of an express easement is ascertained by considering its plain language, affording its terms their ordinary meaning. *Id.* The use of an easement must be confined to the purposes for which it was granted. *Blackhawk Dev Corp*, 473 Mich at 41 (citation omitted).

Defendant argues that the easement's recitals confined plaintiff's easement only to the 16 parking spaces on the property. Regarding recitals, our Supreme Court has held:

> When resorted to in drafting contracts, recitals serve as a preface or preliminary statement introducing the subject in relation to which the parties contract, indicating to a greater or less degree the reason for and intent of what follows. Recitals are of two kinds, particular and general. Particular recitals involving a statement of fact are, as a rule, to be treated as conclusive evidence of the facts stated; while general recitals may not be. [*Acme Cut Stone Co v New Ctr Dev Corp*, 281 Mich 32, 47; 274 NW 700 (1937).]

Further, this Court has held, "where a contract contains specific and general terms, the specific terms normally control over the general terms." *Village of Edmore v Crystal Automation Sys Inc*, 322 Mich App 244, 263; 911 NW2d 241 (2017).

In this case, the recital and the operative language of the easement states:

> WHEREAS, [defendant] desires to grant an easement to [plaintiff] to provide for the use of certain parking spaces on the [defendant] Property.

> \* \* \*

> 2. **<u>Parking Easement</u>**. [Defendant] hereby grants to [plaintiff] an easement on or across the [defendant] property for purposes of parking in the area described on Exhibit "D" attached hereto (the "Parking Easement"). [Defendant] hereby agrees that no building or other structures will be placed over said easement that will threaten to interfere with the utilization of the Parking Easement.

Defendant ignores that the recital only generally describes the purpose of the Reciprocal Easement Agreement, whereas the described parking easement in the operative language of the agreement

-3-

specifically defines the land and easement rights to which plaintiff was granted access. Moreover, to "grant" something is certainly more direct and concrete than to "desire[] to grant" something. Accordingly, the plain language of the agreement, when read as a whole, specifically defines the boundary under the parking-easement clause, and the trial court did not err when it found that the recital, or defendant's interpretation of the recital, was not controlling. Further, the parking easement grants plaintiff "an easement on or across" the property "for purposes of parking in the area." Plaintiff's proposed improvements directly relate to the parking on or across the property, and are within the grant of the easement.

Nevertheless, plaintiff cannot make improvements to the servient estate "if such improvements are unnecessary for the effective use of the easement or they unreasonably burden the servient tenement." *Little*, 468 Mich at 701. "Stated different, it is an established principle that the conveyance of an easement gives to the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." *Blackhawk Dev Corp*, 473 Mich at 41-42 (cleaned up). "The use exercised by the holders of the easement must be reasonably necessary and convenient to the proper enjoyment of the easement, with as little burden as possible to the fee owner of the land." *Unverzagt v Miller*, 306 Mich 260, 265; 10 NW2d 849 (1943); see also *Maniaci v Diroff*, 505 Mich 1, 3-4; 940 NW2d 55 (2019).

In this case, plaintiff argued that the improvements would allow for a more structured use of the easement by its guests, and the destruction of the foliage was necessary to comply with the zoning ordinance concerning parking spaces. This is supported by the record. Accordingly, the trial court did not err when it found that plaintiff's proposed improvements were necessary for the effective use of the parking easement because the improvements would allow for use of the full area, as designated by the easement, for the purposes of parking. Complying with the zoning ordinance and facilitating the full and effective use of the easement indicates that the improvement is necessary for plaintiff's enjoyment of the easement.

Lastly, defendant argues that plaintiff's plan to expand the parking spaces will burden defendant because the expansion of the spaces will allow plaintiff to construct their own parking spaces on their property and, thus, push defendant's ingress-and-egress easement into defendant's property. This burden, however, is purely speculative. Speculation, conjecture, and probabilities, alone, are insufficient to withstand summary disposition. *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994).

## III. CONCLUSION

When considering the plain language of the agreement, as well as the evidence produced by plaintiff indicating that improvements to the easement were necessary to comply with the zoning ordinance, and defendant's inability to present evidence that the improvements would be unreasonably burdensome, there is no genuine issue of material fact that plaintiff's proposed improvements are within the scope of its easement and permitted under the law. Thus, the trial court did not err in granting plaintiff summary disposition.

With that being said, however, nothing in the trial court's judgment or this Court's opinion should be read to preclude defendant from bringing suit to enforce its easement across plaintiff's property or any other right that defendant holds. Moreover, neither res judicata nor collateral

estoppel should be read to preclude defendant from later raising an issue that the use of its ingress-and-egress easement has been interfered by plaintiff's development or use of the property or easement.

Affirmed. Plaintiff, being the prevailing party, may tax costs under MCR 7.219.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Sima G. Patel