*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL SUTTON and SUSAN ELIZABETH SUTTON,

        Plaintiffs-Appellees,

v

JOHN E. STASEVICH, JEFFREY R. SPRECKSELL, and JEAN M. SPRECKSELL,

        Defendants,

and

WILLIAM E. NAKFOOR, MICHELLE M. NAKFOOR, JAMES C. HOWELL, EVELYN N. HOWELL, JOHN P. FROHLICH, ROBERT E. WOLLENBERG, JACQUELINE M. WOLLENBERG, LARRY HUGHES, Personal Representative of the ESTATE OF RUTH K. HUGHES, LINDA LEE FELTON, and JAMES A. FELTON,

        Defendants-Appellants,

and

LAWRENCE M. MCQUIGG, CAROLYN M. MCQUIGG, IAN G. WHITELAW, and LISA WHITELAW,

        Defendants-Appellees.

UNPUBLISHED
July 11, 2025
11:20 AM

No. 372485
Charlevoix Circuit Court
LC No. 2023-019328-CH

LAWRENCE M. MCQUIGG and CAROLYN M. MCQUIGG,

Plaintiffs-Appellees,

v                                                      No.  372489
                                                       Charlevoix Circuit Court
JOHN E. STASEVICH, Trustee of the JOHN E.              LC No.  23-025828-CH
STASEVICH LIVING TRUST, JEFFREY R.
SPRECKSELL, and JEAN M. SPRECKSELL,

        Defendants,

and

JOHN P. FROHLICH, Trustee of the JOHN
PRESTON FROHLICH LIVING TRUST, JAMES
C. HOWELL, EVELYN N. HOWELL, RUTH K.
HUGHES, Trustee of the RUTH K. HUGHES
REVOCABLE LIVING TRUST, WILLIAM E.
NAKFOOR, MICHELLE M. NAKFOOR, JAMES
A. FELTON, LINDA LEE FELTON, ROBERT E.
WOLLENBERG, and JACQUELINE M.
WOLLENBERG,

        Defendants-Appellants,

and

IAN G. WHITELAW, LISA WHITELAW, SUSAN
ELIZABETH SUTTON, and PAUL SUTTON

        Defendants-Appellees.


Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

        In these consolidated cases,[1] defendants-appellants appeal as of right the trial court order granting summary disposition in favor of plaintiffs. We affirm for the reasons stated in this opinion.

---

[1] *Sutton v Nakfoor*, unpublished order of the Court of Appeals, entered October 15, 2024 (Docket No. 372485).

## I. BASIC FACTS

The disputed property in this case is O'Connor Park, a private park in the New Pine Hurst Shores platted subdivision in Evangeline Township. The New Pine Hurst Shores subdivision plat, which was examined and approved by the State Treasurer on August 2, 1976, was recorded on August 4, 1976.[2] The Proprietors' Certificate created O'Connor Park, which was dedicated as follows:

> O'CONNOR PARK is for private use of owners of Lots 11 to 19 inclusive and the owners of the property described as: East of KIM PARK and O'CONNOR PARK, West of CEDAR STREET, South of Lot 10 and North of SOUTH SHORE DRIVE.

On August 4, 1976, an agreement as to covenants and restrictions relating to the subdivision was also recorded. Paragraph 17, which addressed the "use of parks," provides in relevant part:

> O'Connor Park shall be reserved for the common use of the owners of Lots 11 to 19 inclusively of said plat, . . . and the owners of the property lying East of O'Connor Park and Kim Park, West of Cedar Street, South of Lot 10 and North of South Shore Drive. Chris Park and Kim Park are for the use of the public.

It is undisputed that defendant-appellants are some of the owners of Lots 11 to 19 and that the plaintiffs are the owners of the unplatted property that is east of Kim Park, west of Cedar Street, south of Lot 10, and north of South Shore Drive.

O'Connor Park is bounded on one side by Lake Charlevoix. Historically, both the platted and unplatted property owners identified in the park's dedication have enjoyed the use of the park's littoral or riparian lands.[3] However, in March 2023, some of the owners of Lots 11 to 19 sent written notice to plaintiffs asserting that plaintiffs had the right to use the park, but did not have any littoral or riparian rights to the park. In the notice, defendants-appellants claimed that the owners of lots 11 to 19 had been conveyed an undivided 1/9 interest in O'Connor Parks in their deeds.[4] Thereafter, plaintiffs filed separate lawsuits, seeking a judicial determination that both the platted and unplatted property owners identified in the park's dedication have identical rights that include the equal right to all riparian and littoral activities, including the use of the dock and the ability to dock and moor boats.

Although an evidentiary hearing was scheduled, the parties stipulated that it would be adjourned and that they would instead bring motions for summary disposition that would be

---

[2] The Pine Hurst Shores subdivision was originally platted in 1927.

[3] "Strictly speaking, land which includes or abuts a river is defined as riparian, while land which includes or abuts a lake is defined as littoral[,]" but "the term 'riparian' is often used to describe both types of land." *Thies v Howland*, 424 Mich 282, 288 n 2; 380 NW2d 463 (1985).

[4] The deeds identified in the letter were submitted as exhibits to the motions for summary disposition and the responses to such motions.

"limited to the issue of which parties have riparian rights in and to O'Connor Park." Further, they agreed:

> The factual predicate upon which the court shall decide this issue is limited to: 1) the terms of the plat of New Pine Hurst Shores Subdivision; 2) the terms of certain deed restrictions recorded at Liber 240, Page 841, Charlevoix County Register of Deeds, 3) the chain of title to Lots 11-19 of New Pinehurst Shores Subdivision, and 4) the chain of title to each of plaintiffs' properties.

The court entered a stipulated order reflecting their agreement on March 27, 2024. Thereafter, the parties filed competing motions for summary disposition. Following a hearing on the motions, the court found that the plain language of the plat dedication granted an equal fee simple interest in O'Connor Park to the platted and unplatted property owners identified in the dedication. And, because the fee simple ownership had already been conveyed to those parties via the dedication, the court found invalid the later recorded deeds purporting to convey an undivided 1/9 ownership interest in O'Connor Park to owners of Lots 11 through 19. Accordingly, the court granted plaintiffs' motions for summary disposition and denied defendants' motion for summary disposition. This appeal follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Defendants-appellants argue that the trial court erred by granting summary disposition in favor of plaintiffs. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Additionally, we review de novo a trial court's interpretation and application of a statute. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016). A determination of the extent of a party's rights under a plat dedication is a question of fact that is reviewed for clear error. *Dyball v Lennox*, 260 Mich App 698, 703; 680 NW2d 522 (2004).

### B. ANALYSIS

The plat at issue in this case was recorded on August 4, 1976, and it is undisputed that it included a private dedication. "[A] private dedication in a plat after January 1, 1968, conveys a fee interest." *Redmond v Van Buren Co*, 293 Mich App 344, 354; 819 NW2d 912 (2011). Under MCL 560.253,

> (1) When a plat is certified, signed, acknowledged and recorded as prescribed in this act, every dedication, gift or grant to the public or any person, society or corporation marked or noted as such on the plat shall be deemed sufficient conveyance to vest the fee simple of all parcels of land so marked and noted, and shall be considered a general warranty against the donors, their heirs and assigns to the donees for their use for the purposes therein expressed and no other.

Dedications under MCL 560.253 are "strictly limited to the words expressly conveyed[.]" *2000 Baum Family Trust v Babel*, 488 Mich 136, 159-160; 793 NW2d 633 (2010).

As noted above, the plat included the following private dedication:

> O'CONNOR PARK is for private use of owners of Lots 11 to 19 inclusive and the owners of the property described as: East of KIM PARK and O'CONNOR PARK, West of CEDAR STREET, South of Lot 10 and North of SOUTH SHORE DRIVE.

Plaintiffs argue that this language unambiguously conveyed to them a fee simple interest in O'Connor Park that includes riparian or littoral rights. Defendants-appellants disagree, asserting that the language is ambiguous. "When interpreting deeds and plats, Michigan courts seek to effectuate the intent of those who created them." *Tomecek v Bavas*, 482 Mich 484, 490–491; 759 NW2d 178 (2008). "The intent of the plattors must be determined from the language they used [in the dedication] and the surrounding circumstances." *Thies v Howland*, 424 Mich 282, 293, 380 NW2d 463 (1985). However, "[w]here the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted." *Little v Kin*, 468 Mich 699, 700, 664 NW2d 749 (2003). Extrinsic evidence may only be considered if the language is ambiguous. *Id*. A legal instrument is "ambiguous when its provisions irreconcilably conflict." *In re Estate of Koch*, 322 Mich App 383, 398; 912 NW2d 205 (2017).

In this case, the dedication plainly states that O'Connor Park is dedicated "for the private use" of the owners of the identified platted and unplatted properties. Defendants-appellants contends that this language is ambiguous because the phrase "private use" is not defined or clarified. They contend that, as a result, it is unclear whether the identified owners may sunbathe, swim, picnic, maintain a private dock, moor a boat and hoist, construct dwellings and other improvements, use the park for ingress and egress, leave personal property, park vehicles, or launch watercraft. They insist that some of these uses "exceed a common understanding of how a park is used." However, the lack of language defining, clarifying, modifying, or restricting the term "private use," does not cause the provisions in the dedication to irreconcilably conflict so as to render the dedication ambiguous. See *id*. Instead, the fact that the language is not so limited means that any and all private uses are permitted, including the use of riparian or littoral rights. If the proprietors of the plat had so desired to limit the use of O'Connor Park to uses that fall within a "common understanding of how a park is used," then they would have used more restrictive language to effectuate that intent. The fact that they did not does not render the dedication ambiguous.

Next, defendants-appellants contend that even if the language is unambiguous, MCL 560.253 provides that the dedication to the identified owners is "for their use for the purposes therein expressed and no others." In support, they direct this Court to *Martin v Beldean*, 469 Mich 541; 677 NW2d 312 (2004). In that case, our Supreme Court stated in a footnote:

> We note that the granting of a fee simple is qualified by the language at the end of MCL 560.253(1) that indicates the dedication, gift, or grant is to the donees "for their use for the purposes therein expressed and no other." We take this to mean that the lot purchasers are owners of outlot A, but that they may only use it as an outlot and not for some other purpose. The statute's reference to "for their use" is entirely consistent with the dedicatory language that outlot A is reserved "for the use of the lot owners." [*Id*. at 549 n 19.]

-5-

Defendants-appellants contend that, under the reasoning in *Martin*, the owners identified in the dedication may use O'Connor Park only as a park and not for some other purposes. The plat, however, clearly reflects that O'Connor Park is bounded by Lake Charlevoix and is therefore riparian or littoral land. The private dedication conveying a fee interest to the parties identified in the dedication, therefore, conveyed a fee interest in riparian land. See *2000 Baum Family Trust*, 488 Mich at 166 (referring to land bounded by a natural water source as riparian land). And, given that the broad, unambiguous language dedicating the park for the private use of the parties identified in the dedication, we conclude that the owners of the identified properties can use O'Connor Park as a park on riparian land, which would include the right to install and maintain a dock or to hoist and dock boats. See *id*. (noting that riparian owners have the exclusive right to erect and maintain docks along the shore).[5]

Because the language unambiguously conveyed a fee interest that included riparian or littoral rights to all the property owners identified in the dedication, the trial court did not err by granting plaintiffs' motions for summary disposition.[6]

Affirmed. Plaintiffs may tax costs as the prevailing parties. MCR 7.219(A).

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin

---

[5] We note that installing docks and hoisting and mooring boats at a lakefront park is not inconsistent with the private use of the park as a park. In contrast, some of the other private uses identified by defendants-appellants, such as construction of a private dwelling house, would be inconsistent with the use of a waterfront park as a park. Such uses would, therefore, be prohibited under *Martin*.

[6] Given our resolution, we necessarily also conclude that the later recorded deeds purporting to convey an undivided 1/9 ownership interest in O'Connor Park to the platted property owners were invalid because the rights to the park had already been conveyed in the earlier recorded dedication. To the extent that defendants-appellants argue that plaintiffs never accepted the private dedication, we conclude that this issue, which was not raised in the trial court, was waived. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (stating that the failure to raise an issue in the trial court waives review of that issue on appeal).