PANHANDLE EASTERN PIPE LINE COMPANY v MUSSELMAN

Docket No. 237106. Submitted May 6, 2003, at Lansing. Decided May 20, 2003; approved for publication July 10, 2003, at 9:00 A.M.

Panhandle Eastern Pipe Line Company brought an action in the Livingston Circuit Court against Virgil and Margaret Musselman, seeking to enjoin the defendants from refusing to permit the plaintiff to clear alleged obstructions with regard to a gas transmission pipeline that crosses the defendants' property in a right-of-way that the plaintiff acquired from the defendants' predecessors. The court, Daniel A. Burress, J., denied injunctive relief and eventually granted summary disposition in favor of the defendants, holding that the plaintiff failed to establish that the clearing was necessary. The plaintiff appealed.

The Court of Appeals *held*:

The right-of-way agreement grants the plaintiff the right to clear the property to the extent necessary for reasonable maintenance, repair, and inspection, including aerial inspection. The evidence indicates that the property presently is not sufficiently clear to allow for reasonable maintenance, repair, and inspection. The order granting summary disposition must be reversed and the matter must be remanded for a determination of the extent of the obstruction and the necessary width of the right-of-way.

Reversed and remanded.

*Bodman, Longley & Dahling LLP* (by *Robert G. Brower, James A. Smith,* and *Thomas P. Bruetsch*) for the plaintiff.

*Halm, Christian & Prine, PC* (by *Thomas A. Halm*), and *Mark Smiley PLLC* (by *Mark C. Smiley*) for the defendants.

Before: BANDSTRA, P.J., and GAGE and SCHUETTE, JJ.

PER CURIAM. Plaintiff Panhandle Eastern Pipe Line Company (Panhandle) initiated an action seeking to

enjoin defendants Virgil and Margaret Musselman from obstructing plaintiff's easement on defendants' property. Both parties filed motions for summary disposition, and the trial court granted summary disposition to defendants. Plaintiff now appeals as of right. We reverse and remand.

I

Plaintiff is a natural gas company under the Natural Gas Act, 15 USC 717 *et seq.*, and holds Certificates of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission for its interstate natural gas transmission system. Plaintiff owns and operates a natural gas transmission pipeline system that crosses defendants' property. Plaintiff acquired a right-of-way with regard to the property from defendants' predecessors on May 15, 1962. Specifically, the right-of-way permits plaintiff to "lay, construct, maintain, alter, inspect, repair, replace, relocate, change the size of, operate, and remove a pipe line," and grants plaintiff "the right of ingress and egress, to, on, from and over" the premises. Further, the right-of-way provides that the grantor "shall not place anything over or so close to any pipe line or other facility of Grantee as will be likely to interfere with Grantee's access thereto by use of equipment or means customarily employed in the maintenance of pipe lines."

Over the course of time, trees and shrubbery have grown and been planted on the property by defendants. Plaintiff wished to clear the property to accommodate maintenance, repair, and testing of the pipeline, but defendants refused to allow plaintiff to clear the property.

Plaintiff filed its complaint and thereafter sought a preliminary injunction on May 9, 2000. Plaintiff argued that the failure to permit clearing of the property violated the provisions of the right-of-way agreement and created an unwarranted risk of harm to the adjacent landowners, which in turn jeopardized the continued supply of natural gas to consumers. Plaintiff asserted that the easement property must be cleared and maintained to allow immediate access by vehicles and heavy equipment in the event of a gas leak and to allow plaintiff to conduct aerial patrols over the pipeline pursuant to federal law. Defendants argued that plaintiff did not need to remove trees in order to accommodate any maintenance, repair, or testing of the pipeline. Defendants argued that the right-of-way grant does not indicate that plaintiff can make a thirty-foot clearing on either side of the pipeline and contended that no necessity could be shown for plaintiff's request for injunctive relief.

The trial court denied injunctive relief, finding that the right-of-way agreement does not provide for a clearing of the property. The court found that plaintiff failed to establish that clearing the property was necessary for safety patrol purposes and that aerial surveillance, while more convenient, was not necessary. Finally, the court found that plaintiff merely wanted to inspect the property, but it had inspected the property since 1962 without incident and, thus, clearing was not necessary.

Before the court ruled on the preliminary injunction, the parties submitted a stipulated order to convert the proceedings to allow motions for summary disposition. The parties thereafter filed cross-motions for summary disposition based on similar arguments

as presented during argument for the preliminary injunction. The trial court thereafter granted defendants summary disposition. In its decision, it incorporated its previous five-page written opinion in which it denied the preliminary injunction.

II

Although the trial court stated in its order that it granted summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), because it appears the court relied on documentary evidence, as opposed to only the pleadings, in rendering its decision, we will review it under MCR 2.116(C)(10). A motion brought under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). When deciding the motion, the trial court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists to warrant trial. *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 76; 597 NW2d 517 (1999). On appeal, this Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Spiek, supra* at 337.

On appeal, plaintiff argues that it has the right, pursuant to the grant itself as well as federal law, to clear trees, vegetation, and other development of its easement in order to patrol the easement by air as part of its surveillance and maintenance program, and to obtain immediate access to the pipeline in case of an emergency. This access and maintenance allegedly requires a thirty-foot clearance on both sides of the

pipeline. According to plaintiff, the undisputed facts establish that emergency repair is impossible because of trees planted by defendants, that aerial surveillance is the customary and most efficient manner of inspection required by federal regulation, that inspection for corrosion is hampered by the trees, and that the tree roots growing around a pipeline can damage the protective coating, causing corrosion and leaks.

Defendants argue that plaintiff has failed to take any action with regard to the property for thirty-eight years. Defendants contend that a sixty-foot clear-cut right-of-way is not a matter of necessity for plaintiff, but is merely a convenience. According to defendants, a sixty-foot clear-cut right-of-way did not exist at the time of the installation of the pipeline and many of the trees sought to be removed actually predate the installation of the pipeline. Finally, defendants contend that plaintiff has several other viable options available to it, such as negotiating with defendants or initiating eminent domain proceedings.

III

The rights of the holder of an easement are defined by the easement agreement. *Great Lakes Gas Transmission Co v MacDonald*, 193 Mich App 571, 575; 485 NW2d 129 (1992). Further, the grantee has all rights that are incident or necessary to the reasonable and proper enjoyment of the easement. *Unverzagt v Miller*, 306 Mich 260, 265; 10 NW2d 849 (1943). It has been held that, in Michigan, an owner of a pipeline easement is entitled to reasonable access to the land for maintenance and repair purposes. *Eyde v Michigan*, 82 Mich App 531, 541; 267 NW2d 442 (1978).

Although federal law does not grant plaintiff any more rights over the property than does the grant of the right-of-way itself, federal law defines plaintiff's duties with regard to the maintenance of its pipelines and, thus, addresses what is required of plaintiff with regard to the right-of-way. Federal law preempts the regulation of interstate piplines. MCL 483.160. Pipeline safety is regulated by the federal Department of Transportation under 49 USC 60101 *et seq.* Under 49 USC 60102(a)(1)(B), the Department of Transportation has the authority to prescribe the minimum safety standards for transporters of natural gas. The Department of Transportation regulations are codified in the Code of Federal Regulations, title 49, subtitle B, chapter 1, subchapter D, part 192 *et seq.* Section 192.703 regulates emergency plans for pipelines and provides, "each operator shall establish written procedures to minimize the hazard resulting from a gas pipeline emergency . . . ." With regard to pipeline maintenance, subsection 192.705(a) provides that "[e]ach operator shall have a patrol program to observe surface conditions on and adjacent to the transmission line right-of-way for indications of leaks, construction activity, and other factors affecting safety and operation." Subsection 192.705(c) further provides that "[m]ethods of patrolling include walking, driving, flying or other appropriate means of traversing the right-of-way."

IV

Plaintiff does not argue that the right-of-way agreement explicitly grants plaintiff a sixty-foot-wide right-of-way. Instead, plaintiff essentially argues that the agreement grants plaintiff the right-of-way to install

and maintain the pipeline and that a sixty-foot clearance is necessary for its maintenance. The parties put a great deal of emphasis on the necessity of aerial surveillance as a means of maintaining the pipeline.

Plaintiff submitted several affidavits in support of its argument that the right-of-way must be cleared to allow for proper maintenance and inspection. Tim Walter, plaintiff's senior right-of-way representative, and Mitchell Putnam, plaintiff's senior engineer at its Indianapolis division office, both averred that plaintiff must maintain an unobstructed easement to (1) allow aerial surveillance of each pipeline on a weekly basis, (2) allow immediate vehicle access to the line and nearby areas, (3) monitor corrosion prevention programs, (4) perform gas leakage surveys, (5) clearly mark the route of every pipeline, (6) allow foot and vehicle patrol, and (7) permit immediate excavation for repair in case of leakage from or damage to the line. Specifically with regard to aerial inspection, Walter averred that aerial patrol is the only productive, cost-efficient method he knows to survey thousands of miles of pipeline on a weekly basis. With regard to the necessary width of clearing of the easement, both Walter and Putnam averred that because the excavation, spoil piles, and truck access would be prevented by the presence of encroachment, vegetation, trees, and brush on the pipeline, at least an area of thirty feet on each side of the pipeline must be cleared to permit the excavation where longer sections of pipeline are to be repaired.

Donald Sharp, a pilot in plaintiff's Indianapolis division, averred specifically to aerial surveillance of the pipelines. He flies aerial surveillance over plaintiff's pipeline rights-of-way in Illinois, Indiana, Ohio, Michi-

gan, Kentucky, and Tennessee twice a week during the construction season and once a week in the winter. He stated that aerial surveillance is performed from an airplane flying approximately five hundred feet above ground at approximately 150 miles an hour. Sharp averred that it is important to have unobstructed rights-of-way so that a surveillance pilot can look down the right-of-way and observe the sides of the right-of-way for possible activity that could result in damage to the pipeline. According to Sharp, he has flown over defendants' property twice a week in the summer and once a week in the winter for over three years. During that time, the trees on defendants' property have obstructed his visual surveillance of the right-of-way so that he has been unable to detect leaks, construction activity, or soil erosion. Further, according to Sharp, if a significant leak went undetected or construction activity made contact with the line, a catastrophic accident could occur.

V

Although this issue has not been extensively addressed in Michigan, the law in Michigan regarding easements is clear. The extent of the easement is defined in the easement agreement and the grantee of an easement has all rights to the reasonable and necessary use of the right-of-way within the purpose of the easement.[1]

---

[1] Several other jurisdictions have addressed very similar issues and have held that if a landowner plants trees or in some other way interferes with the maintenance or surveillance of a pipeline, the pipeline owner may act to remove the interference. See *Rueckel v Texas Eastern Transmission Corp*, 3 Ohio App 3d 153; 444 NE2d 77 (1981); *Avery v Colonial*

Initially, with regard to aerial surveillance, the federal regulations establish that aerial surveillance is a recognized method of patrolling the right-of-way. Plaintiff produced evidence that although it is not the only method of surveillance, aerial surveillance is the only productive and cost-efficient method of surveilling all the existing pipelines. Plaintiff not only has defendants' property to inspect, but evidence establishes that plaintiff has thousands of miles of pipeline to inspect. While foot patrol is available, aerial patrol is the more practical and efficient means of inspection. Defendants have produced little evidence to establish that aerial surveillance is not the most reasonable means of inspecting the property.[2]

Plaintiff produced evidence establishing that the trees and shrubbery that have grown over the right-of-way have obstructed the visual surveillance of the right-of-way. Plaintiff also produced evidence that an unobstructed right-of-way is necessary to permit immediate repair of the pipeline in the event repair is required. Although defendants produced photographs of the property to establish that the right-of-way is not obstructed, Donald Sharp's affidavit explicitly states that the trees on the property have obstructed his visual surveillance.

We conclude that the trial court erred in conclusively determining that plaintiff has no right to clear the property. The right-of-way agreement expressly

---

*Pipeline Co*, 213 Ga App 388; 444 SE2d 363 (1994); *Columbia Gas Transmission Corp v Tarbuck*, 62 F3d 538 (CA 3, 1995).

[2] The grant itself states that defendants shall not place anything over or so close to any pipeline that is likely to interfere with plaintiff's access by use of equipment or "means customarily employed in the maintenance of pipe lines." Plaintiff provided evidence that aerial surveillance is the customary means for inspecting the property.

states the purpose of the grant, which is to operate a pipeline. The parties' agreement specifically permits plaintiff to inspect and repair the pipeline. The agreement would even permit plaintiff to relocate or change the size of the pipeline. Moreover, by the express language in the agreement, defendants cannot place anything on or near the right-of-way or in any way interfere with plaintiff's maintenance of the right-of-way. Accordingly, plaintiff has all rights that are incident or necessary to conduct these acts, including clearing the property to ensure maintenance and inspection.[3]

We find that the right-of-way agreement itself permits plaintiff to clear the property to an extent necessary for reasonable maintenance, repair, and inspection, including aerial inspection, which is a customary means of inspection for plaintiff. We further find that evidence has been produced that in its present state, the property is not sufficiently clear to allow for reasonable maintenance, repair, and inspection. However, we are troubled by defendants' claim that many of the trees that are near the right-of-way existed at the time the pipeline was constructed. Plaintiff claims that defendants planted the trees and shrubbery that obstruct the right-of-way. The evidence, however, is very minimal with regard to how long the trees have existed. Defendants claim that they have very meticulously manicured their property, including the land near the right-of-way; however, the extent to which they have planted trees and shrubbery near the right-of-way is unclear. Therefore, because questions

---

[3] Maintenance includes maintaining the property in the appropriate condition so that it is accessible in the event that repair of the pipeline is required.

remain with regard to how much of the vegetation defendants planted and how much the vegetation creates an obstruction for plaintiff, remand is necessary to determine the extent of the obstruction that must be cleared.

We are also concerned with the extent of the right-of-way with regard to its width. Although Tim Walter and Mitchell Putnam averred that easements must be cleared to a minimum of sixty feet to permit excavation, this is the only evidence that establishes the necessity of a sixty-foot-wide right-of-way.[4]

The trial court erred in granting summary disposition to defendants. Questions remain with regard to the extent of the obstruction of the right-of-way. Under the circumstances, remand to the trial court is necessary to determine the extent of the obstruction and the necessary width of the right-of-way.[5]

Reversed and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] It appears that over the past several years, plaintiff has been clearing most of the rights-of-way that it possesses for the very purposes that it claims in this case.

[5] We note that in their brief on appeal, defendants allege that summary disposition in their favor was proper because plaintiff has other alternatives such as negotiating with defendants or bringing eminent domain proceedings. We find no merit to this argument. Defendants provide no legal support for this argument. Although the right-of-way grant provides something similar to arbitration if damages are incurred as a result of plaintiff's construction or repair of the pipeline, nothing suggests that plaintiff must negotiate with defendants in a situation such as this where plaintiff seeks to enjoin defendants from obstructing its access to the property.